[Civ. No. 12417. Second Appellate District, Division Two.—February 9, 1940.]

L. N. BERKOWITZ, Respondent, v. PALM SPRINGS LA QUINTA DEVELOPMENT COMPANY (a Corporation), Appellant.

Hugo H. Harris for Appellant.

Combs & Murphine for Respondent.

WOOD, J.—The action was commenced by plaintiff to recover an amount alleged to be due under the terms of a contract whereby defendant employed plaintiff to render services for a salary of $300 per month for a definite period. On his salary claim the court gave plaintiff judgment in the sum of $1687.05. Defendant makes no criticism of this part of the judgment. Plaintiff also seeks to recover the sum of $5,800, which he claims defendant agreed to pay him as a bonus, and the further sum of $2,500, which he claims is due him as a dividend upon his shares of stock in defendant corporation. Defendant contends that plaintiff's claims for the bonus and dividend will not mature until October, 1940. In addition to the judgment for $1687.05 on the salary claim, the trial court rendered judgment for the sum of $8,300, but provided that as to the last-mentioned sum the judgment should not bear interest until and from October 15, 1940, and further provided that issuance of execution be stayed as to the sum of $8,300 until and to October 15, 1940. Plaintiff was allowed his costs of suit.

The appeal is upon the judgment roll. From the findings it appears that at a meeting of the board of directors of defendant corporation held on October 15, 1937, a resolution was adopted declaring a dividend of $100 a share, including the twenty-five shares owned by plaintiff, but provided therein that "the same shall be evidenced by non-negotiable, non-interest bearing promissory notes of defendant corporation, due on or before October 15, 1940". At the same meeting a resolution was passed providing for the payment of a bonus for services rendered to several persons, among them plaintiff herein, and further provided that this bonus as well as the one voted at an earlier meeting, "be evidenced in non-negotiable, non-interest bearing notes of defendant corporation due on or before three years from October 15, 1937". The court further found that plaintiff and others, immediately following the adoption of these resolutions, "in writing, approved, ratified and confirmed the passage of the resolutions". Thereafter defendant executed its note, due on or before October 15, 1940, payable to plaintiff in the sum of $8,300, "which said note was and is held by Edward Glick for the use and benefit of said plaintiff, together with notes

of like maturity, to the other persons named in said resolutions''.

■ It is thoroughly settled that plaintiff's cause of action must exist at the time he files his complaint and that the rights of the parties must be judged by the conditions existing at the time the action is commenced. (1 Cal. Jur. 377, and cases there cited.) From the findings of the trial court it plainly appears that plaintiff agreed in writing to be bound by the action of the board of directors providing for the payment of his bonus by defendants in October, 1940. The trial court clearly was of the opinion that the sum of $8,300 was not due at the time of the commencement of the action, for it provided that this sum should not bear interest until after October 15, 1940, and stayed the issuance of execution thereon until the last-mentioned date. Defendant's contention that plaintiff's claim for the bonus and the dividend was prematurely brought must be sustained for it is apparent that the cause of action for these two items did not exist when the action was commenced. In *Landis* v. *Morrissey,* 69 Cal. 83, 87 [10 Pac. 258], such a contention is referred to as ''a perfect defense''.

The judgment is modified by striking therefrom the words, ''Nine thousand, nine hundred eighty-seven and 05/100 Dollars ($9,987.05)'' and inserting in lieu thereof the words, ''One thousand six hundred eighty-seven and 05/100 Dollars'', and by striking out the remaining part of the judgment. As so modified the judgment is affirmed. Defendant shall recover costs on appeal.

Moore, P. J., concurred.

McCOMB, J., Concurring.—I concur.

However, the statement in the main opinion, ''It is thoroughly settled that plaintiff's cause of action must exist at the time he files his complaint and that the rights of the parties must be judged by the conditions existing at the time the action is commenced,'' should be modified to show that, in a case where a complaint on an insurance policy fails to allege compliance with a clause in the policy to the effect that no action shall be brought against the insurer until a valid judgment shall have been recovered against the assured (if a valid judgment is recovered against the assured subsequent

to the filing of the complaint and prior to the trial, the complaint is amended to show this fact, and the insurer has denied liability on the policy), then the complaint as amended will be deemed to be sufficient. (See *Grant* v. *Sun Indemnity Co.*, 11 Cal. (2d) 438 [80 Pac. (2d) 996].)