[Civ. Nos. 24353, 24354.   Second Dist., Div. One.   Aug. 15, 1960.]

JOSEPH S. BROWAR, Appellant, v. PAUL HARDEMAN, INC. (a Corporation), Respondent.

LEONARD S. KRAUSE, Appellant, v. PAUL HARDEMAN, INC. (a Corporation), Respondent.

Hindin & Susman and Maurice J. Hindin for Appellants.

Arnold M. Schwartz for Respondent.

SCOTT (Robert H.), J. pro tem.*—Plaintiffs Browar and Krause brought suits against defendant seeking money judgments, and from an adverse judgment in each case following a court trial each plaintiff now appeals.

Under the name of Wilshire Factors Company, plaintiff Browar's business was that of a factor who purchased accounts receivable at a discount.

Defendant corporation is a mechanical construction and engineering firm engaged primarily in performing construc-

---

*Assigned by Chairman of Judicial Council.

tion and engineering services on federal construction projects. In its business it employs subcontractors.

During 1953 and 1954, Irving I. Levin was employed by defendant as a subcontractor. In May, 1954, Levin sought to obtain money from plaintiff Browar. On May 29, 1954, a conversation took place among Browar, Levin and Paul Hardeman, the last named being president of defendant corporation. At or about that time a document entitled "Assignment of Monies" was executed by Levin with a signature "Aircorp, Incorporated By Irving I. Levin," assigning to plaintiff Browar moneys due them or thereafter from defendant to "Aircorp, Incorporated."

The document then contained a notification of this assignment signed by plaintiff Browar, and following this a receipt acknowledging the notice bearing the signature of Paul Hardeman, president of defendant corporation. The document concluded with the declaration that it was effective for all transactions after May 29, 1954.

The complaint alleged and the trial court found that there was a California corporation by name of "Aircorp, Incorporated." Both parties are now agreed that there never was such a corporation. Defendant's president asserts that the space for the name of the purported assignor, and other spaces in the document above mentioned, were blank when he signed the receipt, and that he would not have signed it if it bore such a corporate name. It appears that Levin had used the fictitious name "Aircorp" from time to time, and also the names "Aircorp, Inc." or "Aircorp, Inc. of Southern California" or "Aircorp, Inc. of Nevada" with no regard to the nonexistence of such corporations.

Levin's work as subcontractor was done under purchase orders issued by defendant. The accounts receivable which plaintiff Browar intended to purchase were progress payments which defendant was apparently obligated to pay Levin, and defendant made very substantial payments to plaintiff Browar of money which it believed was thus due to Levin.

It is undisputed that Levin had done work and furnished materials on jobs being done by defendant which were government construction jobs. One of these was "Nellis Ordnance Storage Area" at Las Vegas, Nevada, and others were at Edwards Air Force Base near Lancaster, California.

Under defendant's contract with Levin, defendant was to retain ten per cent of the amount that would ultimately be due Levin until the work and materials furnished had received final approval. Payments made after May 29, 1954, by

defendant to Browar on invoices of Levin did not constitute any waiver of defendant of its right to inspect and approve or reject work or materials provided by Levin.

The basis of Browar's claim is an amount of $15,000 which passed from defendant to Levin on June 7, 1954. This was declared by defendant to have been a loan to Levin in response to the latter's statement that he needed it to meet his payroll.

Plaintiff contends that defendant was not permitted to pay Levin any money because of the assignment above described by Levin to plaintiff, and asserts that the $15,000 was a payment and not a loan. The trial court found on conflicting evidence contrary to this contention of plaintiff. It is significant to note that on the date when plaintiff Browar filed his complaint in this case, according to plaintiff's own testimony, he had been repaid every dollar that he had advanced to Levin, he had been paid his fees in full, and had been reimbursed $2.00 that he had paid out in connection with the transaction.

Plaintiff led defendant corporation to believe that before he (Browar) advanced money to Levin he would check each claim of Levin with the records of defendant and would not advance any sum until the invoice had defendant's approval. There was no evidence that defendant was precluded from loaning money to Levin.

Under defendant's contract with Levin, with which plaintiff Browar at no time concerned himself, defendant had the right to charge back against Levin, and to offset against any claim of Levin, any money that defendant was required to pay out for work or materials which were not approved. The evidence discloses that Levin's dealings were so improper that defendant was required to expend in excess of $187,000 to make good on work and materials which it had subcontracted to Levin. Among other practices, Levin would order and have delivered to the jobs large amounts of valuable materials for which he would collect payment from defendant. He would then keep the money and not pay the material men. The record discloses that "Aircorp," Irving I. Levin and Lillian Levin were declared bankrupt before the trial of the case.

Although plaintiff Browar's testimony shows that he was a man of limited education and experience, the trial court was justified in considering and evaluating his testimony in light of the evidence that he had not taken steps to ascertain whether there in fact was a corporation of the name of his

assignor, and that he had not manifested even a modicum of continuing interest in the integrity or conduct of his client or in the contents of the agreement between Levin and defendant.

Some months after Browar filed the complaint in his case, plaintiff Browar apparently made some arrangement with the plaintiff Krause so that the latter assigned to Browar a purported claim against Levin in the amount of $15,000. This seems to have been intended as a means of fortifying Browar's position in his suit against defendant. This part of the transaction took place after the complaint was filed, and without any supplemental complaint in the record.　　Plaintiff's cause of action must exist at the time he files his complaint and the rights of the parties must be judged by conditions existing at the time the action is commenced. (*Berkowitz* v. *Palm Springs, etc. Dev. Co.*, 37 Cal.App.2d 249 [99 P.2d 372].)

In this connection, it would seem necessary to give attention to the position of Krause in the cases. The latter did not appear at the trial or testify in support of his claim in his own case. He had loaned money to Levin, charging him 15 per cent of the amount of the loan and 2 per cent per month thereafter, and had later taken some invoices of Levin against defendant as additional security. The trial court found against plaintiff Krause on the causes of action set out in the latter's complaint. Any claim of Levin against defendant which came into the hands of Krause was subject to the back charge against Levin for money expended by defendant to make good Levin's default. Any claim of Krause against defendant was completely without merit.

Plaintiffs contend on appeal that the findings are ambiguous and inconsistent, that the court failed to make findings on material issues, and that those which were made lack evidentiary support.

　　Findings must be sufficiently definite and intelligible to dispose of the material issues.　　They are to be liberally construed on appeal to support the judgment. (*Andrews* v. *Cunningham*, 105 Cal.App.2d 525 [233 P.2d 563].)
　　Where a court renders a judgment without making findings on all material issues of fact the decision is against law and constitutes ground for reversal on appeal, provided it appears that there was evidence on that issue sufficient to sustain a finding in favor of the party complaining. (*San Jose Abstract etc. Co.* v. *Elliott*, 108 Cal.App.2d 793, 801 [240 P. 2d 41].)

After reading the transcript of the testimony and examining the exhibits, it is apparent that any change in the findings based on the evidence would not improve either plaintiff's position and adequate credible evidence supports findings and judgments denying any award to either plaintiff.

It is asserted, for example, that the finding that Hardeman did not sign the receipt of the notice of assignment is erroneous. This finding doubtless was based on testimony that although he signed his name on the paper there were blank spaces which were improperly filled in by plaintiff including the name of a nonexistent corporation as assignor. His failure to protest when he received a copy of the receipt thus improperly filled in does not negative his denial that he signed it in completed form. Evidence of circumstances surrounding the signing of the receipt fully justified the court in deciding that Hardeman was telling the truth and that plaintiff and Levin were not.

A finding of the trial court upon conflicting evidence will not be disturbed on appeal if there is evidence of a substantial character which reasonably supports the judgment. (*Fewel & Dawes, Inc.* v. *Pratt*, 17 Cal.2d 85, 89 [109 P.2d 650].)

Plaintiff also contends that the findings that defendant did not owe Levin a certain sum on the date the assignment was signed is erroneous. In considering the materiality of this finding, we find that while there was an apparent indebtedness of defendant to Levin it was induced by the fact that defendant was unaware of the fraudulent practice of Levin above described, and that if defendant had known the true state of affairs the record would have shown a large balance owing by Levin to defendant. This lack of knowledge by defendant explains why it was willing to loan Levin $15,000 to enable him to meet his pay roll, and why it approved and paid invoices in a total amount which fully repaid plaintiff every dollar he had loaned to Levin and had paid his fees and expenditures in full.

The rule that an appellate court will not interfere with the judgment where there exists a substantial conflict in the evidence does not relieve that court of its duty of analyzing the evidence in the light of reason and human experience and giving consideration to the motives and propensities which tend to influence or prompt human action, in an effort to solve the question as to whether the judgment is reasonably and substantially sustained by the evidence. (*Hall*

714

v. *Osell*, 102 Cal.App.2d 849, 853 [228 P.2d 293]; *Herbert* v. *Lankershim*, 9 Cal.2d 409, 471 [71 P.2d 220].)

Defendant did not mislead either plaintiff to his detriment.

Defendant was relieved of any direct obligation to Levin under its contract with him and did not assume any implied obligation to either plaintiff under the receipt attached to Levin's assignment to Browar or otherwise. Because of Levin's breach of contract there was a failure of consideration for any payments which defendant would otherwise have been expected to make to Levin or his assignee. (*Benson* v. *Andrews*, 138 Cal.App.2d 123 [292 P.2d 389].)

As to other protests by plaintiffs concerning findings, it is suffcient to emphasize that since there is substantial evidence to support the trial court's determination, that is: evidence which is reasonable in nature, credible and of sound value, this appellate court is precluded from substituting a different decision on the facts. (*Estate of Teed*, 112 Cal.App. 2d 638, 644 [247 P.2d 54]; *Estate of Teel*, 25 Cal.2d 520 [154 P.2d 384].)

Where the judgment is adequately supported by the findings which were adopted by the trial court and findings more specific than those which were adopted would have necessarily been adverse to plaintiffs, it was unnecessary for the trial court to go beyond those which it made. (*Mammoth Gold Dredging Co.* v. *Forks*, 39 Cal.App.2d 739, 753 [104 P.2d 131].)

The determination by the trial court was based on adequate evidence which showed that defendant did not owe either plaintiff any money and that it had actually paid far more to Levin and to his assignees than it was legally or morally obligated to pay and is the only one to suffer detriment without fault on its part.

The judgments are affirmed.

Wood, P. J., and Fourt, J., concurred.