[Civ. No. 27589.    Second Dist., Div. Two.    May 22, 1964.]

CHRIS SPITCAUER, Plaintiff and Appellant, v. THE COUNTY OF LOS ANGELES et al., Defendants and Respondents.

Stanley Fleishman for Plaintiff and Appellant.

A. L. Wirin, Fred Okrand, Allen I. Neiman and Richard S. Ross as Amici Curiae on behalf of Plaintiff and Appellant.

Harold W. Kennedy, County Counsel, Irvin Taplin, Jr., and William J. Birney, Deputy County Counsel, for Defendants and Respondents.

HERNDON, Acting P. J.—Plaintiff appeals from the judgment denying her the declaratory and injunctive relief which she seeks in this action wherein she challenges the validity of ordinance No. 8253 of the County of Los Angeles. Section 1 of this ordinance expressly declares its objectives, and sets forth the findings upon which it is based, as follows:

"The Board of Supervisors finds that there are, in the unincorporated territory of the County of Los Angeles studios in which models pose in the nude and semi-nude; that such studios are not patronized by serious and legitimate photographers or artists but rather by *persons who are interested in pornography*, either commercially or as amateurs, or *who have a morbid sex interest which is gratified in this manner*. The Board of Supervisors further finds that the prohibition of such studios (unless a part of an institution of higher learning authorized to give diplomas) is necessary *to control pornography, perversion and prostitution*." (Italics added.)

By its terms this ordinance prohibits and provides criminal

punishment for the operation of "studios" wherein models "pose for the purpose of being sketched, painted, photographed or purportedly photographed, drawn, sculptured or otherwise similarly depicted in the nude or semi-nude by persons who pay a fee, or other consideration, or compensation, or gratuity, for the right or opportunity so to depict the model or for admission to, or for permission to remain upon or as a condition of remaining upon the premises; or any premises where there is conducted the business of furnishing or providing or procuring for a fee, or other compensation, or consideration, or gratuity, models to be sketched, painted, photographed or purportedly photographed, drawn, sculptured or otherwise similarly depicted in the nude or semi-nude."

The ordinance defines the term "model" as "any person, male or female, who poses to be sketched, painted, photographed or purportedly photographed, drawn, sculptured, or otherwise similarly depicted." The phrase "nude or semi-nude" is declared to mean "completely without clothing or with partial clothing, but with any public [*sic*] area exposed or with the breasts exposed by a female so that the nipples thereof are exposed."[1]

■ Although the briefs filed herein contain lengthy and interesting discussions of the theories upon which the validity of this ordinance is challenged and defended, we deem it unnecessary to enter upon any extended analysis thereof, since we consider it to be manifest that the ordinance is invalid as an admitted attempt to provide an additional proscription in the area of criminal sexual activities, a field that very definitely has been held to have been preempted entirely by the state. As expressed in *In re Lane*, 58 Cal.2d 99, 102-103 [22 Cal.Rptr. 857, 372 P.2d 897]: "A local municipal ordinance is invalid if it attempts to impose additional requirements in a field that is preempted by the general law. [Citations.]

"Whenever the Legislature has seen fit to adopt a general scheme for the regulation of a particular subject, the *entire* control over whatever phases of the subject are covered by

---

[1]"This ordinance does not apply to any studio which is operated by the University of California or any state college or public junior college or any studio wherein the person operating it has met the requirements established in division 21 of the Education Code of the State of California, and is, in fact, authorized thereunder to issue and confer a diploma or honorary diploma." (Ordinance No. 8253, § 8.)

the state legislation ceases as far as local legislation is concerned. [Citation.] ...

"The Penal Code sections covering the *criminal aspects of sexual activity* are so extensive in their scope that *they clearly show an intention by the Legislature to adopt a general scheme for the regulation of this subject.*" (Italics added.) (See also *In re Moss,* 58 Cal.2d 117, 118-119 [23 Cal.Rptr. 361, 373 P.2d 425].)

█ If otherwise it conceivably could be argued with any semblance of reason that the instant ordinance is not intended to impose additional prohibitions or substantive provisions with respect to the criminal aspects of sexual activity, it is removed clearly and definitely by the express affirmation of the ordinance that the prohibition therein set forth "is necessary to control pornography, perversion and prostitution." This language, in addition to placing the ordinance in the occupied field, also reveals that it is an attempt to provide supplemental legislation to aid in the enforcement of specific state laws. Therefore, the further observation made by Chief Justice Gibson, in his concurring opinion in *In re Lane, supra,* (pp. 111-112) becomes apposite:

"It has been suggested that the ordinance was not intended to create a crime in addition to that punishable by state law but was designed and is enforced as a law against prostitution where prostitution is difficult to prove. This view of the ordinance, however, makes it *even clearer that the local regulation is invalid.* There can be no question that the Legislature has occupied the field with respect to the crime of prostitution. (Penal Code, § 647, subd. (b).) ..." (Italics added.)

Likewise, it is unquestionable that the Legislature has occupied the field with respect to pornography (Pen. Code, §§ 311 - 312) and perversion (Pen. Code, § 288a). Finally, it may be noted that Penal Code section 314, subdivision 2, expressly relates to every person who "procures ... any person ... [to] take part in any model artist exhibition, ... such as ... is adapted to excite to vicious or lewd thoughts or acts, ..." and sections 315 and 316 proscribe the keeping of houses "for the purposes of prostitution or lewdness. . . ."

The judgment is reversed.

Roth, J., and Ashburn, J.,* concurred.

---

Retired Justice of the District Court of Appeal sitting under assignment by the Chairman of the Judicial Council.