[Crim. No. 12265. Second Dist., Div. Four. Oct. 18, 1966.]

THE PEOPLE, Plaintiff and Appellant, v. EVELYN LEONA HANSEN et al., Defendants and Respondents.

Evelle J. Younger, District Attorney, Harry Wood, Chief Deputy District Attorney, and Robert J. Lord, Deputy District Attorney, for Plaintiff and Appellant.

---

[1]Consult, also *People* v. *Helms* (1966) 242 Cal.App.2d 476 [51 Cal. Rptr. 484].

Kurlander, Shettler & Solomon and Stephen Warren Solomon for Defendants and Respondents.

CHANTRY, J. pro tem.*—Defendants were each charged with misdemeanors for violation of section 5108 of the Bellflower Municipal Code, ordinance number 204, in that each failed to wear outer garments that would cover the breast from the top of the nipples to the bottom of the breast anatomy while working in a restaurant, public eating place or food establishment. Defendants' demurrers were sustained on the ground that the ordinance in issue is unconstitutional. Judgments were entered in favor of each defendant.

Upon appeal to the Appellate Department of the Superior Court of Los Angeles County the judgment was affirmed.

This court ordered the case transferred to it for hearing and decision upon the certification of said appellate department that such transfer appeared necessary to secure uniformity of decision and to settle an important question of law. (Cal. Rules of Court, rules 62, 63.)

In the jargon of the mid-1960's, the arrested and demurring defendants are topless waitresses; they serve restaurant food and at the same time leave their breasts uncovered. Topless in Bellflower is a misdemeanor (Mun. Code, Ord. No. 204, § 5108). The ordinance requires female employees to "enclose and cover in nontransparent material the buttocks and pubic area and the breasts from the top of the nipples to the bottom of the breast anatomy."

It is not questioned that if the ordinance is after sex, the state has preempted the field. (*In re Lane* (1962) 58 Cal.2d 99 [22 Cal.Rptr. 857, 372 P.2d 897].) The prosecution argues that the regulation is not of sex but of health and sanitation, also regulated by the state but specifically not preempted (Health & Saf. Code, § 28693) as long as the ordinance does not duplicate the statute. The pertinent portion of the ordinance does not duplicate any action of the state in the field of health and sanitation. The question is: Does the ordinance even concern itself with health and sanitation?

The prosecution urges that Bellflower wants to keep food free of hair and perspiration. The approach to this desirable goal is unique. We find no rational connection between evil and cure. The prosecution also contends that but for such covering the attention of diners will be distracted from observ-

*Assigned by the Chairman of the Judicial Council.

ing other violations of health regulations. The same might be said of a world series broadcast or even of good food.

We agree with the trial judge who sustained the demurrers, giving judgments for the defendants, and with the appellate department, which affirmed. Transparent or opaque, the ordinance has nothing to do with health or sanitation and much to do with sex. Bellflower must leave sex to the state. The judgments are affirmed.

Files, P. J., and Jefferson, J., concurred.