[Civ. No. 31150.   Second Dist., Div. One.   Aug. 24, 1967.]

CAROLINA LANES, INC., et al., Plaintiffs and Appellants, v. THE CITY OF LOS ANGELES et al., Defendants and Respondents.

Leland, Hoffman & Kalik, Sherman A. Silverman and David M. Hoffman for Plaintiffs and Appellants.

Roger Arnebergh, City Attorney, John A. Daly, Assistant City Attorney, and George J. Franscell, Deputy City Attorney, for Defendants and Respondents.

WOOD, P. J.—This is an action by plaintiffs Carolina Lanes, Inc., and Carolina Enterprises, Inc., for declaratory relief and an injunction restraining respondents City of Los Angeles, board of police commissioners, and chief of police, from enforcing rules of the board regulating burlesque and strip-tease entertainment. The court determined that the rules are constitutional. Plaintiffs appeal from the judgment.

Appellant contends that the rules are unconstitutional in that (1) the regulation of burlesque and strip-tease entertainment has been preempted by state legislation, (2) the rules deprive plaintiffs of equal protection of the law, (3) the rules deprive plaintiffs of the freedom of speech and expression, and (4) the rules are so vague and indefinite as to deprive plaintiffs of due process of law.

Plaintiff Carolina Lanes, Inc., owns the premises at 5601 West Century Boulevard in Los Angeles. The premises include a bowling alley, a restaurant, and a cocktail lounge (Geisha Room). The restaurant and cocktail lounge are operated, under a sublease, by plaintiff Carolina Enterprises, Inc. The court found that the two corporations have "joint ownership and management."

The Geisha Room has a dance floor, a platform, booths, tables, a bar, and stools, and is "decorated in the mode of a modern day nightclub." The interior of the Geisha Room "is open to view from the bowling alley" when the doors and protective curtains are open. The doors are customarily closed "except for ingress and egress." The doors lead into the bowling alley, and patrons of the Geisha Room and the bowling alley use the same parking facilities and enter the building through the same entrance. The bowling alley is open to, and used by, minors and adults.

Section 103.102 of the Los Angeles Municipal Code provides

that no person shall operate a public place where food or beverages are sold, and where live entertainment is provided, without a permit from the board of police commissioners; and section 103.27 of said code authorizes the board to adopt rules and regulations relating to permits.

The following rules, among others, were adopted by the board in June 1964 with reference to strip-tease entertainment in connection with bowling alleys:

"RULE No. 5. Permittees conducting or presenting Burlesque or Strip Acts shall notify the Board in writing at least 10 days prior to such presentation and shall further be governed by additional rules which will be provided by the Board. For the purpose of this rule, a strip-tease act is defined as a performance, exhibition, dance, or appearance in which a person appears in various degrees of undress; or removes from or places upon his or her body clothing or covering, and as part of or in addition to such performance, exhibition, dance or appearance, he or she employs body motions including but not limited to torso gyrations, bumps, grinds, or gesticulations while exhibiting his or her body in various stages of undress."

"RULE No. 6. No strip-tease act shall be provided, furnished, exhibited, or permitted on any premises embraced in a permit issued by the Board for the operations of a bowling alley or pool room. For the purposes of this rule, premises shall include not only the area in which the permitted activity is staged but also all of the adjacent premises that are designed to render collateral services to the patrons of the permitted activity."

"RULE No. 7. Permittees permitting employees, entertainers, models or any other person to appear in a state of semi-nudity shall be governed by Burlesque or Strip Show Rules, Form 16.18.1, and shall confine such employees, entertainers, models or any other person to a stage or platform of at least eighteen inches above the floor unless otherwise authorized by the Board of Police Commissioners."

From October 1963 to June 1964, plaintiff Carolina Enterprises provided strip-tease entertainment in the Geisha Room during the "noon-time luncheon and cocktail business." According to allegations in the complaint, such entertainment was discontinued in June 1964 by reason of the adoption of,

and "threatened enforcement" of, the aforementioned rules of the board.

Subsequently, plaintiff commenced the herein action for declaratory relief and an injunction, alleging, in substance that rules 5, 6 and 7 are unconstitutional under article XI, section 11, of the state Constitution in that the state has pre-empted the field of such regulation; that rule 6, which prohibits strip-tease entertainment on premises embraced by a permit for a bowling alley or pool room, does not restrict strip-tease on other premises, and thereby deprives plaintiffs of equal protection of the law under the state and federal Constitutions; and that rules 5, 6, and 7 are unenforceable because they are ambiguous and uncertain as applied to plaintiffs. The prayer is for a declaration that said rules are unenforceable, and for an injunction restraining the enforcement thereof.

Some of the findings are in substance as follows: The interior of the Geisha Room is open to view from the bowling alley when the doors and protective curtains are open. The doors are customarily closed, except for ingress and egress. The doors lead to the bowling alley. Patrons of the Geisha Room and the bowling alley use the same parking facilities and the same entrance to the building. Minors and adults use the bowling alley, which is a "family recreation center."[1] Minors are generally not allowed in the Geisha Room and are specifically excluded therefrom during the strip-tease entertainment. Section 103.102 and the rules of the board complementary thereto constitute regulation of cafe entertainment by the city. The purpose of said section and complementary rules is to safeguard the peace, health, safety, convenience, morals and welfare of the public. Rules 5, 6, and 7 are an attempt to carry out the purpose of section 103.102, namely, to safeguard the peace, health, safety, convenience, morals and welfare of minors attracted to plaintiffs' bowling establishments. There is no state regulation of cafe entertainment or of bowling establishments. Rules 5, 6, and 7 are not regulation of sexual conduct, are not arbitrary, do not constitute an unreasonable legislative classification, and are not vague or uncertain. Plaintiffs' conduct of their business before and after the

---

[1]There was evidence to the effect that bowling alleys have become family recreation centers in that they have a variety of activities such as bowling leagues for adults and for children, bowling classes for beginners, and baby-sitting facilities for mothers who bowl.

adoption of rules 5, 6, and 7 indicates an understanding of the scope of said rules.

■ Appellants contend that rules 5, 6, and 7 are unconstitutional in that the regulation of strip-tease entertainment has been preempted by state legislation.

In their brief appellants state that the decision in *Daniel* v. *Board of Police Comrs.*, 190 Cal.App.2d 566 [12 Cal.Rptr. 226], "unequivocally establishes the right of local government to license and thereby regulate 'live' entertainment." In *Daniel*, it was held (p. 571) that section 103.102 of the Los Angeles Municipal Code is a valid exercise of the police power, and that the state has not preempted the field in the area covered by said section. (See also *Robins* v. *County of Los Angeles*, 248 Cal.App.2d 1, 8 [56 Cal.Rptr. 853]; *Sica* v. *Board of Police Comrs.*, 200 Cal.App.2d 137, 141 [19 Cal.Rptr. 277].)

Appellants assert, however, that regulation of burlesque and strip-tease as specific forms of entertainment is "an unconstitutional exercise of local police power" (citing *In re Lane*, 58 Cal.2d 99 [22 Cal.Rptr. 857, 372 P.2d 897]; *In re Moss*, 58 Cal.2d 117 [23 Cal.Rptr. 361, 373 P.2d 425]; *People* v. *Hansen*, 245 Cal.App.2d 689 [54 Cal.Rptr. 311]; *Spitcauer* v. *County of Los Angeles*, 227 Cal.App.2d 376 [38 Cal.Rptr. 710]).

In *Robins* v. *County of Los Angeles, supra*, the *Spitcauer* and *Lane* decisions, and provisions of the Penal Code, are discussed in relation to a local ordinance prohibiting barebreasted waitresses in cocktail bars; and it was said therein (pp. 10-11) that the conduct prohibited by such ordinance was not in an area of criminal activity preempted by the state.

In the present case the court found that the purpose of section 103.102, and of rules 5, 6, and 7 complementary thereto, is to safeguard the peace, health, safety, convenience, morals and welfare of the public. It was also found that rules 5, 6, and 7 are not regulation of sexual conduct, but are an attempt to carry out said purpose, namely, to safeguard the peace, health, safety, convenience, morals and welfare of minors attracted to plaintiffs' bowling establishments. Such findings are supported by the evidence. There was evidence that the Geisha Room and the bowling alley (which alley is a family recreation center patronized by minors) are located in the same building, and that patrons of the Geisha Room and of the bowling alley use the same entrance to the building and

the same parking facilities. As previously shown, section 103.27 of the Los Angeles Municipal Code authorizes the board to adopt rules and regulations complementary to section 103.102; and, section 103.29 of said code authorizes the board to refuse to issue a permit if the board finds that the operation thereunder will not comport with the peace, health, safety, convenience, good morals, and general welfare of the public. Appellants' contention that the rules are unconstitutional in that the regulation of strip-tease entertainment has been preempted by the state is without merit. (See *Robins* v. *County of Los Angeles, supra,* at pp. 8-11; *Daniel* v. *Board of Police Comrs., supra,* pp. 570-571.)

Appellants also contend that the rules deprive plaintiffs of equal protection of the law. They assert that the rules are based upon an arbitrary and unreasonable classification— that "cafes generally" are not precluded from conducting strip-tease entertainment (if they comply with other board rules), whereas the rules herein (rule 6) preclude such entertainment in cafes which are "adjacent" to, and "designed to render collateral services" to, bowling alleys or pool rooms. (As previously shown, rule 6 provides in part that no strip-tease act shall be provided on any premises embraced in a permit issued by the board for the operation of a bowling alley or a pool room.) "Where, as here, a legislative classification is attacked on the ground that it is arbitrary and unreasonable, every presumption is in favor of its validity" (*Phillips* v. *Board of Police Comrs.,* 240 Cal.App.2d 410, 412 [49 Cal.Rptr. 490]), and the classification "will not . . . be disturbed unless it is palpably arbitrary in its nature and neither founded upon or supported by reason." (*Ibid.*) "If a particular legislative classification is founded upon some 'constitutional or natural or intrinsic distinction,' and the classification bears some substantial relationship to the purpose of the legislation, such classification is valid." (*Ibid.* See also 3 Witkin, Summary of Cal. Law (1960) Constitutional Law, § 130, pp. 1934-1936.)

In the present case, the court found that the rules are not arbitrary and do not constitute an unreasonable classification. Section 103.112 of the Los Angeles Municipal Code authorizes the board to regulate bowling alleys and pool rooms. Local regulation of that class of business has been upheld in many cases. (See, for example, *Murphy* v. *California,* 225 U.S. 623 [56 L.Ed. 1229, 32 S.Ct. 697, 41 L.R.A.N.S.

153]; *Erwich Bowling Center* v. *Canella*, 82 N.Y.S.2d 192; *Hamilton Corp.* v. *Julian*, 130 Md. 597 [101 A. 558, 7 A.L.R. 746]; 72 A.L.R. 1339; 53 A.L.R. 149; 29 A.L.R. 41; 20 A.L.R. 1482). The rules herein, which are complementary to the sections of the municipal code authorizing the board to regulate bowling alleys and cafe entertainment, preclude strip-tease entertainment on premises where a bowling alley business is conducted. As previously stated, there was evidence that bowling alleys have become family recreation centers. The classification herein bears some substantial relationship to the purpose of the legislation (to safeguard the peace, health, safety, convenience, morals, and welfare of the public). The rules do not deprive plaintiffs of equal protection of the law.

Appellants' contention that the rules deprive plaintiffs of freedom of speech and expression is not sustainable. (See *Robins* v. *County of Los Angeles, supra,* at pp. 10-11.) The rules are not vague or indefinite. The court found that plaintiffs' conduct of their business before and after the adoption of the rules indicated that plaintiffs understood the scope of the rules. That finding is supported by the evidence.

The judgment is affirmed.

Fourt, J., and Lillie, J., concurred.