Opinion
WHYTE, P. J.
The People appeal from an order of the Municipal Court of the Pomona Judicial District dismissing prosecutions “brought for nude performances in places where alcoholic beverages were served and for procuring performers in such places.” (Amendment to Statement on Appeal, p. 1, lines 28-29.) Said dismissals followed the sustaining of demurrers to the criminal complaints on the ground that section 14.4-5 of Ordinance No. 1673 as amended by Ordinance No. 2336 of the City of Pomona is unconstitutional on its face.
Although counsel for the respondents obtained an extension of time within which to file briefs with this court, no briefs were filed and no *Supp. 4 appearance was made at the time of oral argument. While we could treat this as a concession of error justifying a holding that the appeals are meritorious (Weisberg v. Ashcraft (1961) 194 Cal.App.2d 225 [14 Cal.Rptr. 817]; Sowell v. Sowell (1958) 164 Cal.App.2d 371 [330 P.2d 391]; Brunscher v. Reagh (1958) 164 Cal.App.2d 174 [330 P.2d 396]), because of the importance of the questions involved, we elect to proceed on our own without the assistance of respondents’ counsel.
At the outset, we must consider Penal Code sections 318.5 and 318.6 which are said to “authorize” the Pomona city ordinance, herein involved. Absent such sections, there would be no doubt that the ordinance would be invalid (People v. Hansen (1966) 245 Cal.App.2d 689 [54 Cal.Rptr. 311]) for the simple reason that it invades a field held preempted in In re Lane (1962) 58 Cal.2d 99 [22 Cal.Rptr. 857, 372 P.2d 897]. However, as pointed out by Judge Wisot in Walton v. The City of Carson (L.A. Superior Ct. SOC 21646), “it would be a reaction becoming only of an ostrich to regard those sections as anything than what they plainly are, to wit, expressions of the Legislature’s intent to dissipate in some measure the effect of the ruling in In re Lane. The Legislature has now said, effective November 10, 1969, In re Lane is no longer effective as to the Legislative intent to preempt the entire field of control of sexual activity in public places; it is now our intent to permit counties and cities throughout the state to legislate in the field of ‘topless’ and ‘bottomless’ in their respective territorial areas—except in theaters and concert halls.” These Penal Code sections permit the city to adopt this type of ordinance free from the restraint of preemption. They do not authorize the ordinance, for if, as claimed by respondents at the trial level, the state itself could not constitutionally prohibit “topless” and “bottomless” in establishments of the type here involved, it cannot authorize its subdivisions to do so.
We must now consider whether the state could have adopted this type of legislation.
The trial court sustained the demurrer and dismissed the action, finding that “the City Ordinance of the City of Pomona is invalid on its face as attempting to prohibit a constitutional, protected right as handed down by the State Supreme Court of California.” (Transcript Proceedings of May 4, 1970, p. 13, lines 4-8.) Discussions preceding this statement make it clear that the trial judge took the position that the State Supreme Court had held in In re Giannini (1968) 69 Cal.2d 563 [72 Cal.Rptr. 655, 446 P.2d 535], certiorari denied 395 U.S. 910 [23 L.Ed.2d 223, 89 S.Ct. 1743]; that nude dancing was an expression of free speech and that that concluded the matter, i.e., if it is free speech, it is constitutionally protected and completely free from regulation by the state or its subdivisions. In this, the trial court *Supp. 5 erred. “In this nation, dedicated to the concept of ordered liberty (Palko v. Connecticut, 302 U.S. 319, 325 [82 L.Ed. 288, 292, 58 S.Ct. 149]), there are no absolute personal rights. This applies to preferred liberties such as freedom of speech and the press. All are subject to reasonable limitation and regulation. ... In each case of attack upon a statute, ordinance or court rule as unconstitutional there must be a balancing of public welfare against personal rights and a determination of the delicate question of which shall prevail.” (Kirby v. Municipal Court (1965) 237 Cal.App.2d 335 [46 Cal.Rptr. 844].)
While even pure speech may be constitutionally restricted, when conduct becomes intermixed with speech, the right to regulate becomes greater, (Cox v. Louisiana (1964) 379 U.S. 559 [13 L.Ed.2d 487, 85 S.Ct. 476] rehg. den. 380 U.S. 926 [13 L.Ed.2d 814, 85 S.Ct. 879].) Where “speech” and “nonspeech” elements are combined in the same course of conduct, a sufficiently important governmental interest in regulating the nonspeech aspect will justify incidental limitations on First Amendment freedoms. (United States v. O’Brien (1968) 391 U.S. 367 [20 L.Ed.2d 672, 88 S.Ct 1673] rehg. den. 393 U.S. 900 [21 L.Ed.2d 188, 89 S.Ct. 63].) As stated in O’Brien, “a governmental regulation is sufficiently justified if it is within the constitutional power of the Government; if it furthers an important or substantial governmental interest; if the governmental interest is unrelated to the suppression of free expression; and if the incidental restriction on alleged First Amendment freedoms is no greater than is essential to the furtherance of that interest.”
While we are bound by the state Supreme Court’s determination that dancing is a form of expression and thereby enjoys some of the protection of free speech, we must also recognize that other conduct likewise may be a form of expression, e.g., the burning of a draft card or a punch in the nose.
Where communication by conduct is involved, the validity of regulation depends upon a balancing process: the weighing of the interest of the state in suppressing or regulating the questioned conduct as against the opposing interest in the interchange of ideas. (In re Giannini, supra, fn. 2.) Giannini involved the exception to the right of communication existing when there is obscenity and set forth the standards to be met in determining whether there is obscenity. It did not, nor did it purport to, pass upon a balancing of the freedom of interchange of ideas by nude dancing as against manifestations of the state’s police power.
In adopting the ordinance involved, the council of the City of Pomona found in a preamble to the ordinance that nude performances in places similar to those with which we are concerned herein involve police *Supp. 6 problems “which substantially increase the work load upon the police department” and provide greater opportunity for lewd conduct thereby adversely affecting the general welfare. Similar findings were relied upon to support similar ordinances of the County of Santa Ciara in Burghause v. Prelsnik (Santa Clara Superior Court No. 230334), of the County of San Bernardino in Minicucci v. County of San Bernardino (Superior Court No, 148087), of the County of Alameda in Qlmstead v. Madigan (Alameda Superior Court No. 395431), of the City of Sacramento in Reynolds v. City of Sacramento (Sacramento Superior Court No. 197434) and the County of Los Angeles in Poff v. Pitchess (Los Angeles Superior Court No. 964762).
Testing the balancing herein involved by the standards set forth in O’Brien, supra, we find that the ordinance is within the constitutional power of the city (Cal. Const., art. XI, § 11); there is a substantial governmental interest to be served in regulating businesses which cause peculiar police problems (e.g., see Carolina Lanes, Inc. v. City of Los Angeles (1967) 253 Cal.App.2d 831 [61 Cal.Rptr. 630]; Daniel v. Board of Police Commissioners (1961) 190 Cal.App.2d 566 [12 Cal.Rptr. 226])[1]; this governmental interest is unrelated to the suppression of free expression; and the incidental restriction is no greater than is essential to the furibeiance of that interest.[2]
We feel as we did the Supreme Court of Oregon, “When nudity is employed as sales promotion in bars and restaurants, nudity is conduct. As conduct, the nudity of employees is as fit a subject for governmental regulation as is the licensing of the liquor dispensaries and the fixing of their closing hours.” (City of Portland v. Derringion (1969) 253 Ore. 289 [451 P.2d 111], cert. den. 396 U.S. 901 [24 L.Ed.2d 177, 90 S.Ct. 212].)[3]
The judgments of dismissal are reversed with instructions to the trial court to overrule the demurrers and allow defendants to plead to the complaints.
Vasey, J., concurred.

Some language in Daniel was disapproved in Burton v. Municipal Court (1968) 68 Cal.2d 684 [68 Cal.Rptr. 721, 441 P.2d 281] but this disapproval does not affect the major holding of the case.

In this regard, it should be noted that it is not the dance (which in Giannini is granted free speech aspects), but the dress or costuming which is regulated.

See also City of Milwaukee v. Piscuine (1963) 18 Wis.2d 599 [119 N.W.2d 442].