**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

DYLAN STEWART, an
individual, on behalf of
himself and all other similarly
situated,
*Plaintiff-Appellant*,

v.

SAN LUIS AMBULANCE, INC.,
a California Corporation,
*Defendant-Appellee*.

No. 15-56943

D.C. No.
2:13-cv-09458-BRO-SS

ORDER CERTIFYING
QUESTIONS TO THE
SUPREME COURT OF
CALIFORNIA

Filed December 29, 2017

Before: Johnnie B. Rawlinson and N. Randy Smith,
Circuit Judges, and Edward R. Korman,[*] District Judge.

---

[*] The Honorable Edward R. Korman, United States District Judge for the Eastern District of New York, sitting by designation.

## SUMMARY[**]

### Certification of Questions to State Supreme Court

The panel certified the following questions to the Supreme Court of California:

1. Under the California Labor Code and applicable regulations, is an employer of ambulance attendants working twenty-four hour shifts required to relieve attendants of all duties during rest breaks, including the duty to be available to respond to an emergency call if one arises during a rest period?

2. Under the California Labor Code and applicable regulations, may an employer of ambulance attendants working twenty-four hour shifts require attendants to be available to respond to emergency calls during their meal periods without a written agreement that contains an on-duty meal period revocation clause? If such a clause is required, will a general at-will employment clause satisfy this requirement?

3. Do violations of meal period regulations, which require payment of a "premium wage" for each improper meal period, give rise to claims under sections 203 and 225 of the California Labor Code where the employer does not include the premium wage in the employee's pay or pay statements during the course of the violations?

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

The panel withdrew submission of the appeal, stayed proceedings, and directed the Clerk to administratively close the docket pending further order.

## ORDER CERTIFYING QUESTIONS TO THE SUPREME COURT OF CALIFORNIA

Before this panel of the United States Court of Appeals for the Ninth Circuit is an appeal concerning the applicability of meal- and rest-period regulations to the employers of ambulance attendants working twenty-four hour shifts. Also before the panel is the issue of whether meal period violations may form the basis for unpaid wages and improper wage reporting claims under sections 203 and 226 of the California Labor Code. As we are aware of no controlling state precedent that resolves these issues, we respectfully ask the Supreme Court of California to exercise its discretion to accept and decide the certified questions below.

### I. Questions Certified

Pursuant to Rule 8.548 of the California Rules of Court, we request that the Court answer the following questions:

1. Under the California Labor Code and applicable regulations, is an employer of ambulance attendants working twenty-four hour shifts required to relieve attendants of all duties during rest breaks, including the duty to be available to respond to an emergency call if one arises during a rest period?

2. Under the California Labor Code and applicable regulations, may an employer of ambulance

attendants working twenty-four hour shifts require attendants to be available to respond to emergency calls during their meal periods without a written agreement that contains an on-duty meal period revocation clause? If such a clause is required, will a general at-will employment clause satisfy this requirement?

3.  Do violations of the meal period regulations, which require payment of a "premium wage" for each improper meal period, give rise to claims under sections 203 and 226 of the California Labor Code where the employer does not include the premium wage in the employee's pay or pay statements during the course of the violations?

We understand that the Court may reformulate our questions, and we agree to accept and follow the Court's decision. Cal. R. Ct. 8.548(b)(2), (f)(5).

## II.  Background

Dylan Stewart worked as an Emergency Medical Technition (EMT) for San Luis Ambulance, Inc. (SLA) for over a year. As an SLA employee, Stewart had a written agreement (the twenty-four hour shift agreement) with SLA indicating that he was required to "remain on duty, and ready to respond to any emergency calls that c[a]me in, throughout all [twenty-four] hours of [his] shifts." Stewart acknowledges that he was paid for all twenty-four hours of his shifts with SLA—irrespective of whether he was responding to emergencies; engaging in other employment related duties; or eating, sleeping, or enjoying leisure at the ambulance station.

During the course of his employment with SLA, Stewart also worked several shifts of less than twenty-four hours. These shorter shifts were subject to a separate agreement called a "Day Car Agreement." Both the twenty-four hour shift agreement and the Day Car Agreement had language stating that meal periods would be paid and meals would be taken on-duty. However, the Day Car Agreement also had explicit language stating that an employee could revoke the on-duty meal period agreement at any time. The twenty-four hour shift agreement did not have this revocation language, but it did have an at-will employment clause indicating that either party could terminate the employment at any time.

SLA employees were authorized to take their meal periods and rest periods at any time they were not attending to an emergency call. And SLA required its employees to keep a log of each day's emergency calls. Stewart never reported being unable to take a meal period or rest period, and his activity logs indicate that every day he had time to take meal and rest periods during his employment. Nonetheless, SLA required Stewart to remain available to respond to an emergency call during meal and rest periods.

Stewart voluntarily terminated his employment and subsequently brought suit alleging violations of federal and state labor law. At issue here are four California state law claims for violation of regulations as to meal periods, rest periods, failure to timely pay wages, and inaccurate wage statements. The district court granted summary judgment to SLA on each of these claims, and following resolution of other federal- and state-law claims remaining in the lawsuit, Stewart timely appealed.

On appeal, Stewart seeks reversal of the award of summary judgment against him, and he asks for summary judgment to be entered in his favor on each of the four state-law claims. With respect to his meal- and rest-period claims, he seeks a judgment that he is entitled to compensation for an additional two hours of work for each day that he worked without proper meal or rest periods. *See* Cal. Lab. Code § 226.7(c). He further claims that he is entitled to an award of statutory penalties for SLA's failure to timely pay or accurately reflect these premium wages in his pay statements. *See* Cal. Lab. Code §§ 203, 226(e)(1). Having considered the parties' briefs and arguments, we are now convinced that resolution of these claims turns on the proper interpretation of Wage Order 9, in light of the apparent tension between *Monzon v. Schaefer Ambulance Service, Inc.*, 273 Cal. Rptr. 615 (Cal. Ct. App. 1990), and *Augustus v. ABM Security Services, Inc.*, 385 P.3d 823 (Cal. 2016), as modified on denial of rehearing March 15, 2017. We therefore request clarification in order to decide this case.

## III.  Explanation of Certification

This case presents two sets of issues that are unresolved under state law. The first involves the application of rest- and meal-period regulations to ambulance attendants working twenty-four hour shifts of duty. The second, which is contingent on resolution of the first issues in favor of Stewart, turns on whether a meal period violation may form the basis for a claim for unpaid wages or improper wage reporting. Each of these issues will be addressed in turn.

### A. Rest and Meal Periods

No controlling precedent establishes whether ambulance attendants working twenty-four hour shifts may be required to remain available for emergency calls during rest and meal periods. Although the Court recently addressed rest periods in *Augustus*, interpreting Wage Order 4 to require off-duty rest periods, *see Augustus*, 385 P.3d at 825–26, *Augustus* does not control the interpretation of Wage Order 9. Wage Order 9 includes express exemptions to certain overtime requirements in the context of ambulance attendants working twenty-four hour shifts of duty. Cal. Code Regs. tit. 8, § 11090, subd. 3(K). Section 3(K) and *Monzon* are similarly not controlling—neither directly addresses payment for meal or rest periods. The parties' dispute turns on the open question of whether section 3(K) and *Monzon* by implication limit the applicability of the rest-period (Cal. Code Regs. tit. 8, § 11090, subd. 12 & Cal. Lab. Code § 226.7) and meal-period (Cal. Code Regs. tit. 8, § 11090, subd. 11(C)) requirements of Wage Order 9 as applied to ambulance attendants working twenty-four hour shifts of duty.

### 1. Rest Periods

In *Augustus*, the Court, interpreting Wage Order 4, held that "during rest periods employers must relieve employees of *all* duties and relinquish control over how employees spend their time." 385 P.3d at 829, 832 (emphasis added) ("The ordinary meaning of 'rest' conveys, in this context, the opposite of work. 'Rest' is defined by the American Heritage Dictionary as the '[c]essation of work, exertion, or activity.' So, ordinarily a reasonable reader would understand 'rest period' to mean an interval of time free from labor, work, or any other employment-related duties." (quoting *Rest*,

*American Heritage Dictionary* (4th ed. 2000)). The Court further held that on-call rest periods—where an employee remains subject to being called into action at all times during the break—are also incompatible with the text of Wage Order 4 and California Labor Code section 226.7. *Id.* at 832–33. The rest period language of Wage Order 9 is identical to that in Wage Order 4. *Compare* Cal. Code Regs., tit. 8, § 11040, subd. 12, *with* Cal. Code Regs. tit. 8, § 11090, subd. 12.

Nonetheless, importing this interpretation into Wage Order 9 would create a conflict with section 3(K), which affirmatively contemplates "[twenty-four ]hour shifts *of duty*" for ambulance attendants. Cal. Code Regs. tit. 8, § 11090, subd. 3(K) (emphasis added). Additionally, for the past twenty-seven years, California courts have permitted employers of ambulance attendants to exclude sleep periods from compensable time without a written agreement, despite the fact that the employer retains control throughout the twenty-four hours to wake the employees from their sleep every time an emergency arises. *See Monzon*, 273 Cal. Rptr. at 632–34 (applying a federal regulation allowing deduction of sleep time from compensable time where there is an agreement between the parties to do so and the employee receives a minimum of five hours of uninterrupted sleep during the shift). This precedent, unique to the ambulance industry, makes the applicability of *Augustus* to Wage Order 9 a difficult open question.

## 2. Meal Periods

Meal periods present a similarly difficult issue. In addition to the issues addressed above, *Monzon*—though technically a sleep-time case—interpreted Wage Order 9 consistent with a federal regulation allowing exclusion of

sleep periods *and meal periods* from compensable time without a written agreement. *Monzon*, 273 Cal. Rptr. at 630–31, 633 (citing 29 C.F.R. § 785.22). Thus, the issue of meal periods is even more closely linked to existing precedent.

Nonetheless, it is unclear whether California would extend *Monzon* to meal periods—even though the two circumstances are governed by the same federal regulation incorporated in *Monzon*. The Court recently "limited [*Monzon*] to its facts." *Mendiola v. CPS Sec. Solutions, Inc.*, 340 P.3d 355, 363 (Cal. 2015). If the relevant "facts" to which *Monzon* is limited include the "realities of [the ambulance] industry" the Court may well extend *Monzon* to cover the circumstances at issue here. *Id.* But the Court could just as easily limit *Monzon* to its precise facts—sleep periods for ambulance drivers and attendants. Since *Monzon*, the Court has made clear that "courts should not incorporate a federal standard concerning what time is compensable '[a]bsent *convincing* evidence of the [Industrial Welfare Commission's] intent.'" *Id.* at 364 (first alteration and emphasis in original) (quoting *Morillion v. Royal Packing Co.*, 995 P.2d 139, 150 (Cal. 2000)). *Monzon* did not identify evidence of the Industrial Welfare Commission's intent before looking to federal law. *See Monzon*, 273 Cal. Rptr. at 632–33. If the Court requires evidence of intent as a prerequisite to extending *Monzon* to meal periods, it may be difficult for SLA to meet the high bar identified in *Mendiola*. Accordingly, the panel seeks clarification of these open questions under California law.

### B. Unpaid Wages and Improper Wage Reporting

If the Court determines that SLA violated applicable regulations by failing to include a clause expressly allowing for revocation of on-duty meal periods in its twenty-four hour shift agreement, the Court should determine whether the failure to pay the premium wage associated with such a violation may also form the basis for a waiting time penalty claim under California Labor Code section 203 and an inaccurate reporting claim under section 226. In *Murphy v. Kenneth Cole Productions, Inc.*, 155 P.3d 284, 297 (Cal. 2007), the Court characterized the extra hours paid for meal period violations as a "premium wage" rather than a penalty, but, in *Kirby v. Immoos Fire Protection, Inc.*, 274 P.3d 1160, 1167–68 (Cal. 2012), the Court held that a meal-period violation is not tied to the nonpayment of wages. Since these rulings, courts have been inconsistent in their interpretations. Several have concluded that a meal period violation properly forms the basis for claims under sections 203 and 226—pointing to *Murphy*. *See Finder v. Leprino Foods Co.*, No. 1:13-CV-2059 AWI-BAM, 2015 WL 1137151, at *3–*5 (E.D. Cal. Mar. 12, 2015) (collecting cases). Yet others have rejected such claims—relying on *Kirby*. *See Jones v. Spherion Staffing LLC*, No. LA CV11-06462 JAK (JCx), 2012 WL 3264081, at *2–*9 (C.D. Cal. Aug. 7, 2012) (collecting cases).

If the Court finds *Kirby* more analogous and rejects a meal-period violation as an adequate basis for a section 203 or 226 claim, this decision would provide the panel with an adequate alternative basis for affirming the district court on this issue. Alternatively, if the Court finds that a meal-period violation may provide the basis for a section 203 or 226 claim in light of *Murphy*, the panel will still be required to

determine whether the district court erred in concluding that the alleged violation was not willful or intentional. But this issue will be significantly easier to determine in light of the Court's ruling on the applicability of the meal-period regulations to ambulance attendants. Thus, a ruling from the Court would greatly clarify the law and aid the panel in rendering its decision.

## IV. Administrative Information

The names and addresses of counsel are listed in the appendix at the end of this order. Cal. R. Ct. 8.548(b)(1). If the Supreme Court of California accepts this request, the Plaintiff-Appellant, Dylan Stewart, should be deemed the petitioner.

The Clerk is hereby directed to transmit forthwith to the Court the original and ten copies of this order as well as a certificate of service on the parties. Cal. R. Ct. 8.548(d). The Clerk shall also transmit along with this request, ten copies of the district court's "Order Re Defendant's Motion for Summary Judgment and Plaintiff's Motion for Summary Judgment," "Order Denying Plaintiff's Motion for Reconsideration and Denying as Moot Plaintiff's Motion to Certify for Interlocutory Appeal," and the appellate briefs of the parties. The Clerk shall provide additional record material if so requested by the Supreme Court of California. Cal. R. Ct. 8.548(c).

The case is withdrawn from submission, and further proceedings in this court are stayed pending final action by the Supreme Court of California. The parties shall notify the Clerk of this Court within three days after the Court accepts or rejects certification, and again within three days if the

Court renders an opinion. The panel retains jurisdiction over further proceedings.

## V. Stay of Proceedings and Withdrawal of Submission

In light of our decision to certify the issues set forth above, the submission of this appeal is withdrawn, and all further proceedings in this case before our court are stayed pending final action by the Supreme Court of California, save for any petition for rehearing regarding this order. The Clerk is directed to administratively close this docket, pending further order. The parties shall notify the Clerk of this court within fourteen days of the Supreme Court of California's acceptance or rejection of certification, and again, if certification is accepted, within fourteen days of the Supreme Court of California's issuance of a decision.

**QUESTIONS CERTIFIED; PROCEEDINGS STAYED.**

## Appendix

*Counsel for Plaintiff-Appellants*

Hernaldo J. Baltodano, Esquire, Attorney
Baltodano & Baltodano LLP
733 Marsh Street
Suite 110
San Luis Obispo, CA 93401

Peter R. Dion-Kindem
Peter R. Dion-Kindem, P.C.
Suite # 900
21550 Oxnard Street
Woodland Hills, CA 91367

Allison Lee Ehlert, Esquire
Ehlert Appeals
P.O. Box 1024
El Cerrito, CA 94530

Paul Keith Haines, Esquire, Attorney
Haines Law Group, APC
2274 E. Maple Avenue
Suite A
El Segundo, CA 90245

Jeff Holmes
Jeff Holmes, Esq.
3311 E. Pico Boulevard
Los Angeles, CA 90023

*Counsel for Defendant-Appellee*

Sean McLoughlin
Hill, Farrer & Burrill, LLP
One California Plaza
37th Floor
300 South Grand Avenue
Los Angeles, CA 90071-3147