**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DYLAN STEWART, an individual, on behalf of himself and all other similarly situated, | No. 15-56943 |
| Plaintiff-Appellant, | D.C. No. 2:13-cv-09458-BRO-SS |
| v. | |
| SAN LUIS AMBULANCE, INC., a California Corporation, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Beverly Reid O'Connell, District Judge, Presiding

Argued and Submitted October 5, 2017
Pasadena, California
Submission Withdrawn December 29, 2017
Resubmitted June 29, 2020

Before: RAWLINSON and N.R. SMITH, Circuit Judges, and KORMAN,**
District Judge.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Edward R. Korman, United States District Judge for the Eastern District of New York, sitting by designation.

Dylan Stewart appeals the district court's grant of summary judgment in favor of San Luis Ambulance, Inc. ("SLA"). To assist the court in resolving this appeal, we certified three open questions of California law related to meal- and rest-period regulations for the employers of ambulance attendants working twenty-four-hour shifts to the California Supreme Court. After the passage of the Emergency Ambulance Employee Safety and Preparedness Act (the "Act"), *see* Cal. Lab. Code §§ 880–90, that court dismissed the certification. We have jurisdiction pursuant to 28 U.S.C. § 1291; we affirm.

1.      The Act applies to the instant case. *See* Cal. Lab. Code § 889. Further, because the Act "merely clarified existing law, no question of retroactivity is presented." *McClung v. Emp't Dev. Dep't*, 99 P.3d 1015, 1019 (Cal. 2004). We disagree with Stewart's argument that, despite the Act's statement that "Sections 887 and 888 are declaratory of, and do not alter or amend, existing California law," Cal. Lab. Code § 889, the Act "reflects a substantive change in the law."

First, the Act did not abrogate *Augustus v. ABM Security Services, Inc.*, 385 P.3d 823 (Cal. 2016), because *Augustus* did not control the question of whether ambulance employers are required to relieve ambulance attendants working twenty-four-hour shifts of all duties during rest periods, *see Stewart v. San Luis Ambulance, Inc.*, 878 F.3d 883, 886–87 (9th Cir. 2017). In the 2017 certification

2

order, we noted that: (1) California precedent unique to the ambulance industry made the application of *Augustus* to Wage Order 9 "a difficult *open* question," *id.* at 887 (emphasis added); and (2) the question of whether ambulance attendants may be required to respond to emergency calls during their meal periods "without a written agreement that contains an on-duty meal period revocation clause" was unresolved under California law, *see id.* at 884; *see also id.* at 887. While these unresolved issues were pending before the California Supreme Court, the Act was passed. The passage of the Act while these questions were being presented to the California Supreme Court also indicates the Act was an attempt to clarify—not change—California labor law. *See W. Sec. Bank v. Superior Court*, 933 P.2d 507, 514 (Cal. 1997). Thus, because the Act "merely clarified existing law, no question of retroactivity is presented" and the Act may be applied retrospectively to this action. *See McClung*, 99 P.3d at 1019.

2.      The Act answered two of the unresolved, certified questions. First, the unambiguous language of the Act, construed in the context of the statute as a whole and the Act's overall scheme, *see Prof'l Eng'rs in Cal. Gov't v. Kempton*, 155 P.3d 226, 239 (Cal. 2007), provides that emergency ambulance attendants must be "on call" (i.e., reachable by a portable communications device) throughout the entirety of their work shifts, including any meal *and* rest breaks, *see* Cal. Lab.

3

Code §§ 887(a), 888(e). Second, the Act does not require a written agreement containing an on-duty-meal-revocation clause in order for an employer to require ambulance attendants working twenty-four-hour shifts to be available to respond to emergency calls during meal periods. *See id.* §§ 887(a), 888(e).

Contrary to Stewart's argument, the Act is not "best read as an affirmation of subdivision 11(C)" of Wage Order 9. Subdivision 11(C) permits "persons employed in the transportation industry" to take "on duty" meal periods if, *inter alia*, there is a "written agreement between the parties [that] an on-the-job meal period is agreed to" and the agreement is revocable by the employee "at any time." Cal. Code Regs. tit. 8, § 11090, subd. 11(C). On its face, subdivision 11(C) conflicts with section 887 of the Act insofar as it requires a written agreement to take "on duty" meal periods that may be revoked by the employee at any time. If the Act affirmed subdivision 11(C)'s requirements, section 887(a)'s requirement that emergency ambulance attendants must remain reachable during their meal breaks would be a nullity. Subdivision 11(C) of Wage Order 9 is irreconcilable with section 887(a) of the Act. *See Santa Clarita Org. for Planning & the Env't v. Abercrombie*, 192 Cal. Rptr. 3d 469, 484 (Ct. App. 2015).

When faced with irreconcilable statues, the California Supreme Court applies the following principles: "later enactments supersede earlier ones, and

4

more specific provisions take precedence over more general ones." *State Dep't of Pub. Health v. Superior Court*, 342 P.3d 1217, 1229 (Cal. 2015) (citations omitted). Both principles favor giving effect to section 887 over subdivision 11(C)—the Act was enacted later in time and is more specific.

Therefore, SLA was not required to relieve Stewart of all duties during meal and rest breaks, including the duty to be available to respond to emergency calls. Additionally, SLA was not required to have a written agreement with Stewart that contained an on-duty-meal-revocation clause in order to properly require Stewart to take on-duty meal periods. Accordingly, the district court did not err in granting summary judgment to SLA on Stewart's rest- and meal-period-violation claims.

3.     Because Stewart's meal-period claim fails, Stewart's derivative claims for failure to pay wages and inaccurate wage statements also fail. *See Betancourt v. OS Rest. Servs., LLC*, 49 Cal. App. 5th 240, 247 (Ct. App. 2020); *Lampe v. Queen of the Valley Med. Ctr.*, 228 Cal. Rptr. 3d 279, 294 (Ct. App. 2018).[1]

**AFFIRMED.**

---

[1] Stewart, SLA, and amicus curiae, American Federation of State, County, and Municipal Employees, Local 4911 United EMS Workers, all filed motions to take judicial notice of various court documents and election related materials. *See* Dkt. Nos. 70, 74, 79. Those motions are granted.