Filed 11/23/20; Certified for publication 12/15/20 (order attached)

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| REUBEN CALLEROS et al., | D075400 |
| Plaintiffs and Appellants, | |
| v. | |
| RURAL METRO OF SAN DIEGO, INC., et al., | (Super. Ct. No. 37-2017-00006612-CU-OE-CTL) |
| Defendants and Respondents. | |


APPEAL from an order of the Superior Court of San Diego County, Randa Trapp, Judge.  Dismissed as moot.

Law Offices of A. Mark Pope, A. Mark Pope; Berger, Williams & Reynolds, Harvey C. Berger; Williams Iagmin and Jon R. Williams for Plaintiffs and Appellants.

Epstein Becker & Green, Michael S. Kun and Kevin D. Sullivan for Defendants and Respondents.

Two ambulance employees filed a class action lawsuit against several ambulance entities claiming the entities violated wage and hour laws by requiring the employees to remain on call during their rest breaks. One day after the court denied plaintiffs' class certification motion, the voters passed Proposition 11 enacting provisions requiring ambulance employees to remain reachable by a communications device during their work shifts, including rest breaks. (Gen. Elect. (Nov. 6, 2018); Lab. Code, § 880 et seq.)[1]

Plaintiffs challenge the class action denial order. Defendants oppose these arguments on their merits and also move to dismiss the appeal, arguing the claims are now moot based on Proposition 11.

We agree the appeal has become moot and therefore dismiss the appeal. Under the statutes enacted by Proposition 11, plaintiffs are required to remain on call during their rest breaks and thus they do not have a valid claim challenging defendants' on-call rest-break policies. We reject plaintiffs' contentions that Proposition 11 is not retroactive and/or that a retroactivity finding is unconstitutional because it would interfere with their vested rights. Based on our mootness determination, we do not reach the merits of the court's order denying plaintiffs' class certification motion, nor do we discuss the factual issues pertaining only to the merits issues.

FACTUAL AND PROCEDURAL BACKGROUND

In February 2017, Reuben Calleros and Ralph Rubio filed a class action complaint against several ambulance entities, including Rural Metro of San Diego, Inc.; Rural Metro Corporation; and American Medical Response, Inc.

---

[1] Unspecified statutory references are to the Labor Code.

(collectively defendants).[2]  Plaintiffs alleged these defendants violated section 226.7 and Industrial Welfare Commission (IWC) Wage Order 9-2001 (Wage Order 9) by requiring employees to carry pagers, cell phones, or other communication devices during their rest periods and thus failed to provide them with required uninterrupted rest breaks.[3]

Plaintiffs relied on, and cited in their complaint, a recent California Supreme Court decision holding that section 226.7 and Wage Order 4-2001 (containing identical "Rest-Period[ ]" language as Wage Order 9) require employers to relieve security guard employees of all work-related duties and employer control during their rest breaks, including the obligation to remain on call.  (*Augustus v. ABM Security Services, Inc.* (2016) 2 Cal.5th 257 (*Augustus*).)

In March 2018, the California Supreme Court granted a request from the Ninth Circuit in a pending case brought by ambulance workers to decide questions of California law pertaining to *Augustus*'s applicability to the proper interpretation of Wage Order 9 regarding on-call rules for ambulance employees working 24-hour shifts.  (*Stewart v. San Luis Ambulance, Inc.* (9th Cir. 2017) 878 F.3d 883, 884-886; *Stewart v. San Luis Ambulance, Inc.* (Mar. 28, 2018, No. S246255) (*Stewart II*); see also *Stewart v. San Luis Ambulance,*

---

[2]  Defendants state the first two defendants were incorrectly identified in the complaint, and their true identities are Rural/Metro of San Diego, Inc. and Rural/Metro Corporation.  For purposes of this appeal, we retain the names used in the complaint.

[3]  All references to wage orders are to the IWC wage orders.  Wage Order 9 is contained in California Code of Regulations, title 8, section 11090.

3

*Inc.* (9th Cir. 2020) 818 Fed.Appx. 705 (*Stewart III*); Cal. Rules of Court, rule 8.548.)[4]

While the resolution of those questions was pending at the California Supreme Court, in September 2018, Calleros and Rubio moved to certify a class of defendants' current and former emergency workers, including emergency medical technicians (EMTs), paramedics, and drivers. On November 5, 2018, the trial court denied the motion, finding plaintiffs did not meet their burden on several elements, including to show common issues predominate over individual ones and that plaintiffs' claims are typical of the class claims.

The next day, the voters passed Proposition 11, titled the Emergency Ambulance Employee Safety and Preparedness Act (Act), codified in sections 880-890, effective December 19, 2018. One of the newly enacted provisions, section 887, states: "In order to maximize protection of public health and safety, emergency ambulance employees shall remain reachable by a portable communications device throughout the entirety of each work shift." The Act expressly made this provision retroactive: "Notwithstanding any other provision of law to the contrary, Section[ ] 887 . . . [is] declaratory of, and do[es] not alter or amend, existing California law *and shall apply to any and all actions pending on, or commenced after October 25, 2017*, alleging a violation of [a wage order]." (§ 889, italics added.)

In voter materials, the Legislative Analyst had described that the Act was proposed in response to the *Augustus* decision, stating that "it appears likely that the *Augustus* decision will also apply to EMTs and paramedics in the near future[,]" and that this "would increase costs to ambulance

---

4      All rule references are to the California Rules of Court.

companies—potentially by more than $100 million each year statewide." (Voter Information Guide, Gen. Elect. (Nov. 2018), analysis of Prop. 11 by Legis. Analyst, p. 64.)[5] The Legislative Analyst materials also stated: "This measure makes changes to state laws that affect private-sector EMTs and paramedics. [¶] The measure requires EMTs and paramedics to stay on call during their whole shift. In effect, the measure continues the industry practice of requiring EMTs and paramedics to remain on call during breaks." (*Ibid.*)

On February 21, 2019, plaintiffs filed their appeal in this court challenging the superior court's order denying class certification. One week later, defendants moved to dismiss the appeal, arguing Proposition 11 rendered the action moot. This court's presiding justice ordered that defendants' dismissal motion be decided by the three-justice merits panel in conjunction with its ruling on the appeal.

The next month, in the *Stewart* certified-question matter pending in the California Supreme Court, the high court requested supplemental briefing addressing "[w]hat effect, if any, does Proposition 11 . . . have on the resolution of the questions presented and on whether this court should decide the questions of California law presented in a matter pending in the Ninth Circuit . . . ?" (*Stewart II, supra,* S246255.)

Meanwhile, the parties in this appeal continued briefing the mootness and class certification issues in appellate briefs filed in this court.

Then in September 2019, the California Supreme Court dismissed its order granting the Ninth Circuit's request that it decide the certified

---

5    We grant defendants' unopposed request for judicial notice of the Legislative Analyst's Analysis of Proposition 11. (Evid. Code, §§ 459, 452, subd. (c).)

questions relating to the propriety of on-call rest breaks for ambulance workers on 24-hour shifts. (*Stewart II, supra,* S246255.) The California Supreme Court stated: "In light of the passage of Proposition 11 . . . resolution of the questions posed by the Ninth Circuit . . . is no longer 'necessary . . . to settle an important question of law,' " citing rule 8.548(f)(1).

Nine months later, in June 2020, the Ninth Circuit *Stewart* court filed an unpublished memorandum decision affirming a summary judgment in favor of the defendant ambulance company on the plaintiffs' claims that the defendant unlawfully denied them uninterrupted rest breaks by requiring them to be on call during the breaks. (*Stewart III, supra,* 818 Fed.Appx. at p. 707.) The court found, "the unambiguous language of the Act, construed in the context of the statute as a whole and the Act's overall scheme . . . provides that emergency ambulance attendants must be 'on call' (i.e., reachable by portable communications device) throughout the entirety of their work shifts, including any meal *and* rest breaks." (*Id.* at p. 708.) In a brief statement, the court found Proposition 11 " 'merely clarified existing law' " and therefore " 'no question of retroactivity [was] presented.' " (*Ibid.*)

On July 30, 2020, defendants here filed a letter in this court attaching a one-page unpublished dismissal order issued that same day by the Second District Court of Appeal, Division Two, signed by three Court of Appeal justices and stating, "The court, having read and considered the parties' respective briefs on the motion to dismiss the appeal filed by respondents American Medical Response, Inc. et al. has concluded that Proposition 11 . . . renders moot the issues presented in this appeal."

We provided the parties the opportunity to file additional letter briefs to discuss any new authority issued after the parties filed their appellate briefs.

6

DISCUSSION

Plaintiffs' complaint alleges a single claim: defendants denied them (and the putative class members) a duty-free 10-minute rest period by requiring them to be on call during their rest breaks, allegedly in violation of Wage Order 9 and section 226.7, as this code section and wage orders were interpreted by the California Supreme Court in *Augustus*. On appeal, plaintiffs contend the court erred in denying their class certification motion because the denial of uninterrupted rest periods resulted from "uniform, companywide conduct" and therefore raised predominantly common factual and legal issues and would not require individualized inquiries regarding the nature of specific breaks previously taken by the employees.

In moving to dismiss the appeal, defendants argue that after Proposition 11 it is now clear that California law does not require a duty-free 10-minute period for ambulance workers such as the plaintiffs. Defendants further argue this law precludes plaintiffs' claims filed before Proposition 11's effective date because (1) the law clarifies that on-call rest periods were always permitted for ambulance employees; and/or (2) the Act now requires on-call rest periods and expressly made this mandate retroactive to actions pending at the time of passage. (§ 889.) We agree with the second argument.[6]

---

[6]     Because we find the statute is retroactive, we do not reach the first assertion. We note only that a court is not necessarily bound by a legislative (or voter) expression about a prior statute's meaning, and instead the matter requires a contextual analysis. (See *Coker v. JPMorgan Chase Bank, N.A.* (2016) 62 Cal.4th 667, 690; *Apple Inc. v. Superior Court* (2013) 56 Cal.4th 128, 145; *Carter v. California Dept. of Veterans Affairs* (2006) 38 Cal.4th 914, 922-923.)

7

Generally, a statutory enactment by the Legislature or voters operates prospectively unless there exists a clear indication of contrary legislative intent. (*Quarry v. Doe I* (2012) 53 Cal.4th 945, 955; see *Californians for Disability Rights v. Mervyn's, LLC* (2006) 39 Cal.4th 223, 230; *Brooktrails Township Community Services Dist. v. Board of Supervisors of Mendocino County* (2013) 218 Cal.App.4th 195, 205.) Section 889 is clear and unambiguous that the law requiring employees to be on call during rest breaks has retroactive application to actions pending on October 25, 2017. (§ 889.) Given this unequivocal statutory language, the Act applies to plaintiffs' action, which was filed in February 2017.

Plaintiffs' appeal is thus moot. "An action which originally was based on a justiciable controversy cannot be maintained on appeal if all of the questions have become moot by subsequent acts or events," including a repeal or modification of a statute. (*Jordan v. County of Los Angeles* (1968) 267 Cal.App.2d 794, 795; accord *Sagaser v. McCarthy* (1986) 176 Cal.App.3d 288, 299 (*Sagaser*).) An appeal will be dismissed if a reversal would have no practical effect. (*Jordan,* at p. 795.) Although a court is generally barred from reaching the merits of the plaintiffs' claims in examining a class certification motion (*Brinker Restaurant Corp. v. Superior Court* (2012) 53 Cal.4th 1004, 1025), this rule does not apply where, as here, the defendants contend a change in the law means the claims are moot and without merit as a matter of law.

Plaintiffs do not challenge that we can properly reach the mootness issue, but argue the matter is not moot because Proposition 11 does not have retroactive application. They argue primarily that applying the Act retroactively to their claims is unconstitutional because section 226.7 requires an employer to pay "one additional hour of pay" when an employee is

8

not provided a duty-free rest period; this pay is considered earned "wages"; and earned wages are vested property rights. (See *Murphy v. Kenneth Cole Productions, Inc.* (2007) 40 Cal.4th 1094, 1099-1100, 1102-1105; *Reyes v. Van Elk, Ltd.* (2007) 148 Cal.App.4th 604, 612*; Loehr v. Ventura County Community College Dist.* (1983) 147 Cal.App.3d 1071, 1080.) Under this chain of reasoning, plaintiffs contend a retroactive application of the Act is unconstitutional because it "impermissibly interfere[s] with [their] vested rights to premium wages already earned."

Defendants counter that plaintiffs did not have vested rights in uninterrupted meal breaks because *Augustus* would not have applied to ambulance workers based on the distinction between ambulance workers and security officers, and the fact they are governed by different wage orders. Plaintiffs reply that the language of the wage orders regarding rest breaks is identical, and given *Augustus*'s broad language it is likely the California Supreme Court would have applied *Augustus* to ambulance workers, as suggested in the voter materials.

We need not resolve this dispute because even assuming plaintiffs had vested rights to uninterrupted rest breaks that were eliminated by the retroactive application of Proposition 11, it has long been recognized that a vested right yields to important state interests. (See *In re Marriage of Bouquet* (1976) 16 Cal.3d 583, 592 (*Bouquet*).) Vested rights " 'may be impaired "with due process of law" ' " (*Addison v. Addison* (1965) 62 Cal.2d 558, 566), and a statute's retroactive application does not offend due process if the " ' "change reasonably could be believed to be sufficiently necessary to the public welfare as to justify the impairment." ' " (*Bouquet,* at p. 592; *Graczyk v. Workers' Comp. Appeals Bd.* (1986) 184 Cal.App.3d 997, 1008.)

9

In determining whether a law impermissibly interferes with a vested right, a court should consider "the significance of the state interest served by the law, the importance of the retroactive application of the law to the effectuation of that interest, the extent of reliance upon the former law, the legitimacy of that reliance, the extent of actions taken on the basis of that reliance, and the extent to which the retroactive application of the new law would disrupt those actions." (*Bouquet, supra,* 16 Cal.3d at p. 592; *Sagaser, supra,* 176 Cal.App.3d at p. 308.)

Under this analysis, Proposition 11's retroactive application satisfies constitutional requirements. First, the enacted statutes reflect that significant state interests underlie the provisions. Section 882 provides a primary purpose of the Act "is to *enhance public health and safety* by ensuring that emergency ambulance employees . . . are available to respond to 911 emergency-type request for medical assistance at all times." (Italics added.) Section 887 states that emergency ambulance employees shall be reachable during their entire work shift "[i]n order to maximize protection of public health and safety . . . ." (Italics added.) The Legislative Analyst's voter materials likewise identified strong public fiscal and public safety concerns as grounds motivating the proposed new law. (Voter Information Guide, Gen. Elect. (Nov. 2018), analysis of Prop. 11 by Legis. Analyst, p. 62.) Although plaintiffs suggest these concerns do not apply to their rights to recover claimed past wages, we disagree. The retroactive application of Proposition 11 was sought to achieve the public fiscal and safety goals underlying the new provisions by making clear the ambulance entities would not be penalized for ensuring their workers had been previously available at all times to respond to emergencies.

Equally significant, plaintiffs have not shown any reliance, much less justifiable reliance, on the claimed vested right. (See *Bouquet*, *supra*, 16 Cal.3d at p. 592; *Doe v. California Dept. of Justice* (2009) 173 Cal.App.4th 1095, 1106 ["most of [the *Bouquet* factors] pertain to a party's justifiable reliance on the old law"].) The undisputed facts establish that ambulance entities have long required ambulance workers to carry communication devices during their rest breaks, and that these employees were never provided the duty-free 10-minute rest breaks they now seek (although the facts show they did have and continue to have lengthy breaks at other times during their shifts). Thus, the new law did not, and could not have, disrupted any of plaintiffs' reasonable expectations.

Additionally, *Augustus* had never been extended to ambulance workers before the voters passed Proposition 11. Without any such legally-recognized right, plaintiffs had at most an expectation or hope that *Augustus* would be applied to the ambulance industry, rather than an *unchangeable entitlement* to past benefits. The retroactive application of Proposition 11 is not unfair and did not violate plaintiffs' due process rights.

Plaintiffs alternatively suggest that enforcing Proposition 11's retroactivity provision is wrong because defendants and/or their insurers funded and promoted the initiative with the specific purpose of ending this (and similar) lawsuits. Even if this were true, it does not provide a legal ground to invalidate the proposition. Under our current system, a court cannot refuse to enforce a law enacted by the voters merely because the law benefits the corporate or business interest responsible for funding or promoting the proposition.

In reaching our conclusion on the mootness issue, we find unavailing defendants' argument that the California Supreme Court answered the

11

retroactivity question when it dismissed the order agreeing to respond to the Ninth Circuit's certified questions on *Augustus*'s applicability to emergency ambulance workers. The California Supreme Court stated it found "resolution of the questions posed by the Ninth Circuit . . . is no longer 'necessary . . . to settle an important question of law.' " (*Stewart II, supra,* S246255.)

We do not interpret this disposition as expressing a view on the merits of the retroactivity issue. The order could be read as suggesting that Proposition 11 was retroactive. But it could also be reasonably construed to mean the California Supreme Court no longer found the issue of statewide importance because the certified questions now pertained only to the retroactivity issue, rather than an interpretation of the wage order on an ongoing, prospective basis. (See rule 8.548(f)(1).)

As the Chief Justice recently made clear, "A denial of review does not necessarily convey how the court would resolve the issues raised in a petition for review. (See Cal. Rules of Court, rule 8.500(b).) Review may be denied, for example, when issues or facts in the record beyond those emphasized by a petitioner may make a case a poor vehicle through which to resolve the issue(s) presented for review." (*People v. Triplett* (Aug. 31, 2020, No. S262052) 2020 Cal. LEXIS 5546 [Chief Justice Cantil-Sakauye's statements on denial of review].) These same considerations apply to preclude an interpretation of the court's order dismissing a rule 8.548 matter as the court's view on the merits of the issue.

DISPOSITION

Appeal is dismissed.  The parties to bear their own costs on appeal.


HALLER, Acting P. J.

WE CONCUR:


O'ROURKE, J.


AARON, J.

Filed 12/15/20

CERTIFIED FOR PUBLICATION

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

REUBEN CALLEROS et al.,

     Plaintiffs and Appellants,

     v.

RURAL METRO OF SAN DIEGO, INC. et al.,

     Defendants and Respondents.

D075400

(Super. Ct. No. 37-2017-00006612-CU-OE-CTL)

ORDER CERTIFYING OPINION FOR PUBLICATION

THE COURT:

     The opinion in this case filed November 23, 2020 was not certified for publication. It appearing the opinion meets the standards for publication specified in California Rules of Court, rule 8.1105(c), the request pursuant to rule 8.1120(a) for publication is GRANTED.

     IT IS HEREBY CERTIFIED that the opinion meets the standards for publication specified in California Rules of Court, rule 8.1105(c); and

     ORDERED that the words "Not to Be Published in the Official Reports" appearing on page one of said opinion be deleted and the opinion herein be published in the Official Reports.

HALLER, Acting P. J.

cc: All Parties