[Civ. No. 32178.   Second Dist., Div. Two.   Dec. 2, 1968.]

WILLIAM C. JORDAN et al., Plaintiffs and Respondents, v. THE COUNTY OF LOS ANGELES et al., Defendants and Appellants.

John D. Maharg and Harold W. Kennedy, County Counsel, and Edward H. Gaylord, Assistant County Counsel, for Defendants and Appellants.

Norman R. Atkins and Burton C. Jacobson for Plaintiffs and Respondents.

NUTTER, J. pro tem.*—This is an appeal by defendant county and certain of its officials from a judgment decreeing that a Los Angeles County ordinance regulating figure model ''studios'' is void and enjoining the County of Los Angeles and certain public officials from enforcing the ordinance against the operators of such studios. The ordinance has been amended and reenacted both before and after the trial court's judgment. Respondents did not file a brief or appear at oral argument. The case was a sequel to the ruling of this court and division in *Spitcauer* v. *County of Los Angeles*, 227 Cal. App.2d 376 [38 Cal.Rptr. 710] (May 22, 1964) where the first attempt by the county to regulate figure model studios in Ordinance No. 8253 was upset on the grounds of preemption by the state.

On February 9, 1965, the Board of Supervisors of the County of Los Angeles, adopted Ordinance No. 8784 which added Chapter XV to Ordinance No. 5860, the County Business License Ordinance. Chapter XV required that all figure model studios, with certain exceptions, in the business of

---

*Assigned by the Chairman of the Judicial Council.

furnishing figure models completely without clothing or with partial clothing but with any pubic area exposed or with any portion of the crease of the buttock exposed, or with the breasts of a female exposed, first obtain a license and pay a required fee.

Article 6 of that chapter required that the models themselves obtain licenses. Certain proprietors and models of these studios sought a declaratory judgment declaring the ordinance void and an injunction to enjoin the enforcement of Chapter XV on the ground that it was unconstitutional, the Legislature having preempted the field.

The pleadings' issues and time sequence of subsequent amendments to the ordinance and newly enacted legislation regulating figure model studios are pertinent to our determination that this matter is moot.

The amended complaint for injunction and declaratory relief was filed on May 10, 1965. This pleading alleged that by its terms Chapter XV regulated the activities of figure studios by arbitrary and unreasonable regulations and controlled an area preempted by the State of California. The complaint alleged that section 2622 which regulated the ''portrayal of the nude or semi-nude human form'' was a violation of federal and state due process provisions and denied plaintiffs' equal protection of the law.

On September 28, 1965, the license ordinance relating to model studios including section 2622 was repealed by county Ordinance No. 8943. On November 1, 1965, the trial court permitted reopening of the case for introduction of the amended Ordinance No. 8943 in evidence. On April 18, 1966, while this case was still pending, the appellate department of superior court in the case of *People* v. *Jordan,* CR.A. 6488, declared Chapter XV unconstitutional and stated that the objectionable portions were not severable.

The appellate department of the superior court stated: '' [S]ubsections 2641 to 2659 [of the ordinance] inclusive present a detailed and comprehensive series of regulations for figure studios. The regulations range over a wide spectrum from the most patently pre-empted (e.g., section 2648, forbidding models from performing strip tease acts, bumps or grinds; section 2649, forbidding depiction of flagellation, bondage, or sadism), to the dubious (section 2657, prohibiting the licensee from providing equipment to patrons, except lighting or other props; section 2644; prohibiting doors on the premises to be locked during business hours), to the wholly innocuous (section 2641, regulating hours of business; section

2659, posting regulations). Read as a whole, however, their purport is unmistakably the regulation of the lewd or non-legitimate aspects of a figure studio.''

On July 19, 1966, the county enacted Ordinance No. 9150 to amend section 2612 to remove objections specified by the court in *People* v. *Jordan, supra.*

On September 23, 1966, the trial court again reopened his case to receive a copy of Ordinance No. 9150 in evidence.

On March 7, 1967, the county enacted Ordinance No. 9300 which was a separate ordinance, not an amendment, requiring licensing for figure model studios.

On March 9, 1967, the trial court in its judgment in case at bench decreed that Ordinance No. 8784 was void; that the purported amendments in Ordinance No. 8943 and 9150 in their present form were void since they were only amendments to a void law, not having been enacted in their entirety. In its findings the court stated that Ordinance No. 9150 did not contain within itself any express re-adoption or re-enactment of Ordinance No. 8784 as amended by Ordinance No. 8943 and as further amended by Ordinance No. 9150. In its conclusions of law the court stated: ''If Ordinance No. 9150 . . . is otherwise valid, and assuming only for this Conclusion of Law that it is a valid, complete re-enactment and re-adoption within itself of Chapter XV as adopted by Ordinance No. 8784 as amended by No. 8943 and further amended by 9150, providing for the licensing and regulation of the business of operating 'Figure Studios', restricted thereto and not including Article 6 'Figure Models', it would be upon its face valid and constitutional. If the foregoing assumptions were true, then No. 9150 would not provide for or constitute a licensing for regulation of the criminal aspects of sexual conduct or indecent exposure or lewd exhibitions or performances or entertainment. It would not appear to have for its object or purpose to 'control pornography, perversion and prostitution.' (Ordinance No. 8253, Sec. 1 (Exhibit 4) involved in *Spitcauer* v. *County of Los Angeles, supra,* 8253 was the predecessor of No. 8784.) The State of California has not adopted a general scheme or plan for the licensing or regulating of the business of 'Figure Studios' or 'Figure Models'. The said businesses are therefore subject to licensing for regulation by County. (Article XI, Sec. 11, California Constitution; B. & P. Code § 16100.)

''III.1 The Court has no power or jurisdiction to conjecture that a rule or regulation may hereafter be adopted by County

which may infringe upon the jurisdiction of the State, nor in this proceeding adjudge the validity or invalidity thereof.''

Defendants were enjoined from enforcing against the operators, *Ordinance No. 8784* as amended by *Ordinance No. 9150*.

On April 30, 1968, Ordinance No. 9300 was completely revised and amended by Ordinance No. 9558 so as to require a license of all studios whether the models were clothed or not. It was again amended in minor particulars by Ordinance No. 9593 June 18, 1968.

We take judicial notice of these enactments and amendments. ■ An appellate court has the same power to take judicial notice as the trial court (Witkin, Cal. Evidence (2d ed. 1966) p. 170), and may take judicial notice of a matter in a tenor different from a trial court (Evid. Code, § 459, subd. (a).) Evidence Code section 452, subdivision (b) permits judicial notice of legislative enactments of ''any public entity in the United States.'' Evidence Code section 452 read in connection with the definition of ''public entity'' abandons the limitation of judicial notice or ordinances or any similar legislative enactments (Evid. Code, § 452, Comment). (Witkin, Cal. Evidence (2d ed. 1966) p. 153.) By their failure to file briefs or appear for oral argument respondents have waived any right to challenge the noticed amended ordinances and enactments as spelled out in the summary brief filed by appellants with permission of this court.

■ Without ruling on the correctness of the trial court's determination that the purported amendments of Ordinance No. 8784 were not proper re-enactments and re-adoption in their form so as to be void, it is sufficient to say that the subsequent amendments and entirely new enactments make this case moot. The appeal should be dismissed. (*Keyes* v. *Hurlbert*, 42 Cal.App.2d 532 [109 P.2d 364].)

■ ''[A]n action which originally was based upon a justiciable controversy cannot be maintained on appeal if all of the questions have become moot by subsequent acts or events. A reversal in such a case would be without practical effect, and the appeal will therefore be dismissed. (See generally *Consol. Vultee A. Corp.* v. *United Auto. etc. Workers* (1946) 27 C.2d 859, 863, 167 P.2d 725 [Quoting U.S. Supreme Court decision: 'when, pending an appeal from the judgment of a lower court, and without any fault of the defendant, an event occurs which renders it impossible for this court, if it should decide the case in favor of plaintiff, to grant him any effectual relief whatever, the court will not proceed to a formal judgment, but will dismiss the appeal'] ; *Calif. Pac. T.*

*& T. Co.* v. *Calif. Min. etc. Co.* (1935) 17 C.A.2d 353, 354, 61 P.2d 1181; *Sorensen* v. *Coddington* (1926) 79 C.A. 199, 249 P. 37; *Estate of Tierney* (1944) 63 C.A.2d 295, 299, 146 P.2d 700; 34 Harv.L.Rev. 416.) . . . [T]he *public importance* of the question presented does not call for a departure from the rule. (*Calif. Prune etc. Assn.* v. *Pomeroy Orchard Co.* (1925) 195 C. 264, 266, 232 P. 463 ['those questions, it seems to us, ought not to be decided in an action which has become moot and upon what will therefore be virtually an ex parte presentation of the case'] . . ." (3 Witkin, Cal. Procedure (1954) § 162, p. 2350.)

■ "Repeal or modification of a statute under attack, or subsequent legislation, may render moot the issues in a pending appeal. (See *Equi* v. *San Francisco* (1936) 13 C.A.2d 140, 56 P.2d 590 [lower court held ordinance void; city appealed but ordinance repealed pending appeal];[1] *O'Neal* v. *Seabury* (1938) 24 C.A.2d 308, 74 P.2d 1082 [ordinance superseded by regulation made pursuant to state statute]; *Nelson* v. *Reilly* (1948) 88 C.A.2d 303, 198 P.2d 694 [issue of validity of administrative regulation moot when statute enacted to same effect].)" (3 Witkin, Cal. Procedure (1954) p. 2353.) In *Paul* v. *Milk Depots, Inc.,* 62 Cal.2d 129, 135 [41 Cal.Rptr. 468, 396 P.2d 924], the plaintiff, Director of Agriculture sued for an injunction and civil penalties for violation of a milk marketing order. After judgment for the defendant, in plaintiffs' appeal, judgment was reversed with directions to dismiss the action; the particular marketing order violated, had been withdrawn and no public interest remained. (*Smokler* v. *City of Los Angeles,* 106 Cal.App.2d 438 [235 P.2d 42].)

The appeal from the judgment is dismissed.

Roth, P. J., and Herndon, J., concurred.

A petition for a rehearing was denied December 18, 1968, and appellants' petition for a hearing by the Supreme Court was denied January 29, 1969.

---

[1]Appellants, the City and County of San Francisco, admitted repeal of the ordinance but contended that their attack upon a portion of the judgment should be considered in order that this court may determine whether the City and County of San Francisco has the power to license for revenue. The appeal should not be entertained solely for the purpose of entering an academic discussion of the legal questions presented.