[No. G002272. Fourth Dist., Div. Three. July 8, 1985.]

OLIVE DAVIS et al., Petitioners, v.
THE SUPERIOR COURT OF ORANGE COUNTY, Respondent;
CITY OF NEWPORT BEACH et al., Real Parties in Interest.

**COUNSEL**

Jonathan Lehrer-Graiwer and Crystal Sims for Petitioners.

No appearance for Respondent.

Rutan & Tucker, Leonard A. Hampel and Joel D. Kuperberg for Real Parties in Interest.

## OPINION

**SONENSHINE, J.**—In 1981 Olive Davis et al. challenged the validity of the City of Newport Beach's housing element. They claimed it failed, in derogation of state planning and land use statutes, to adequately address and provide for low and moderate income housing.

Thereafter, the city revised or amended the element.[1] In December 1984, the court granted the city's motion to dismiss the third cause of action, and the second insofar as it addressed the housing element.

Petitioners contend their complaint is still viable. They insist the superseding enactments, to the extent they do not answer the original objections, are subject to scrutiny. The city insists the complaint was either (1) premature and subject to dismissal because the facts supporting any challenge to the 1984 element were not in existence when the original complaint was filed, or (2) moot because enactment of the 1984 housing element eliminates any challenge to prior versions.[2]

I

### Prematurity

 Petitioners expend a great deal of energy distinguishing the city's authorities on the issue of what facts must exist at the time of filing a

---

[1] In 1980 the Legislature declared the availability of housing to be "of vital statewide importance . . . ." (Gov. Code, § 65580.) The implementing code sections required preparation of housing elements and outlined in detail the analyses, objectives and programs to be included. (§ 65583.) The local governments' housing elements had to be adjusted, if necessary, to conform to the specified guidelines "on or before October 1, 1981." (§§ 65586-65587) It was mandatory each "local government . . . review its housing element as frequently as appropriate to evaluate" its effectiveness in attaining the stated goals. A revision could be implemented at any time, "but not *less* than every five years" (§ 65588) nor more often than four times per year. By amendment, effective June 20, 1984, local governments were required to revise their housing elements by that date, "notwithstanding the date of adoption of the [element] in existence on the effective date." Thus the city's actions, in 1981, 1982 and 1984, in amending and revising their housing element, were not only in accord with statute but were required.

[2] The original petition, filed in December 1984, was summarily denied by this court. The Supreme Court thereafter stayed trial of the underlying action, granted hearing, and retransferred the matter to this court.

As an affirmative defense, the city raises the filing of the alternative writ on April 4, rather than April 1 as ordered by this court. However, the record indicates the late filing was accompanied by an explanatory affidavit and was thereafter certified and signed by the court.

complaint. Insofar as those cases uphold the somewhat outmoded "plea in abatement," we are not in disagreement with petitioners. However, the later cases, disallowing an untimely plea, do so because the *reason* for the plea has ceased to exist. In each instance, the complaint stated facts *then in existence*—it was premature merely because the time for a claim based on those facts had not arrived. (*Jaffe* v. *Albertson Co.* (1966) 243 Cal.App.2d 592 [53 Cal.Rptr. 25], settlement negotiated after cause of action arose; *Edwards* v. *Container Kraft Carton etc. Co.* (1958) 161 Cal.App.2d 752 [327 P.2d 622], complaint for malicious prosecution filed before appeal time (on injunction) expired, appeal judgment final before trial on the merits and grounds for the plea had ceased to exist; *Radar* v. *Rogers* (1957) 49 Cal.2d 243 [317 P.2d 17], complaint based on negligence of decedent filed before claim presented and rejected by the estate as required by statute—after rejection the estate's objection to premature filing was too late as grounds for this defense had ceased to exist; *Berkowitz* v. *Palm Springs etc. Co.* (1940) 37 Cal.App.2d 249 [99 Cal.Rptr. 372], bonus payment did not mature until after complaint filed.) The facts upon which the causes of action were based existed at the time the complaint was filed; the necessary procedural requirements occurring later were *not* a part of the original action. (*Cory* v. *City of Huntington Beach* (1974) 43 Cal.App.3d 131, 135 [117 Cal.Rptr. 475, 73 A.L.R.3d 1012].)

Here, the complaint was not premature; it challenged the 1974 housing element which was then in existence. It does not suddenly become premature because *new* and *different* elements are later enacted.

II

Mootness

In its motion, the city requested summary adjudication of issues, on grounds of mootness, in the second and third causes of action. It claimed the complaint was directed specifically against the then existing housing element of the general plan. The city argues the allegations in the 1981 complaint were moot because the element had been totally revised by adoption of the general plan amendment of 1984.

We begin with the admonition a trial court must proceed with caution when presented with a mootness claim. Granting the motion results in dismissal and deprivation of the plaintiff's day in court. Judicial consideration of the merits is precluded.

The enactment of subsequent legislation does *not* automatically render a matter moot. The superseding changes may or may not moot the

original challenges. **(2b)** Thus, the court erred in finding the challenged housing element issues moot per se. This issue may only be determined by addressing the original claims in relation to the latest enactment.[3]

 In *City of Whittier* v. *Walnut Properties, Inc.* (1983) 149 Cal.App.3d 633 [197 Cal.Rptr. 127], the lower court tentatively ruled a local ordinance was void. Prior to entry of judgment, the city enacted a new ordinance, a matter not considered in the court's ruling. On appeal the ruling was affirmed, making the subsequent ordinance operative. The court then addressed the constitutionality of the substituted measure. "It is settled law that the rights of the parties in an action in equity will be determined on the basis of the law as it exists at the time of the determination, rather than at the time the complaint was filed, and this rule applies to judgments on appeal *as well as to judgments in the trial court.* [Citation.] The version of the ordinance in force at the present is the relevant legislation for the purpose of the appeal. It is an established rule of law that on appeals from judgments granting or denying injunctions, the law to be applied is that which is current at the time of judgment in the appellate court." (*Id.,* at p. 640, italics added.)

 Plaintiffs, in *Fisher* v. *City of Berkeley* (1984) 37 Cal.3d 644 [209 Cal.Rptr. 682, 693 P.2d 261], appealed a judgment holding a rent control ordinance constitutional on its face. One section of the ordinance, dealing with the meaning of "presumption" in the context of a landlord's retaliatory acts, was amended after judgment. While recognizing "[q]uestions regarding the legality of the preamendment presumption are clearly moot," the

---

[3]There are special circumstances under which a court may address the allegations of a complaint as they relate to the *prior* legislation. Where parts of a statute are reenacted in toto in subsequent legislation, the original challenge is not moot. (*Callie* v. *Board of Supervisors* (1969) 1 Cal.App.3d 13, 19 [81 Cal.Rptr. 440].)

Similarly, the merits of the prior controversy may be examined if they embrace "a matter of general public interest and there is a likelihood of recurrence of the controversy between . . . others similarly situated [citations]." (*Montalvo* v. *Madera Unified Sch. Dist. Bd. of Education* (1971) 21 Cal.App.3d 323, 329 [98 Cal.Rptr. 593], addressing a hair length regulation by a school district, repealed and replaced after judgment and prior to appeal.) Similarly, in *People* v. *West Coast Shows, Inc.* (1970) 10 Cal.App.3d 462 [89 Cal.Rptr. 290], an appeal from a court order to appear and produce documents was rendered moot by the lower court's subsequent avoidance of its order, for procedural deficiencies. However, the court stated, "If the instant appeal is dismissed without consideration of its issues, similar proceedings and similar appeals will undoubtedly follow with consequent additional delays." (*Id.,* at p. 468.) The present situation does not appear to fall within this category. The wording of the previous housing elements is unique and, although we do not decide whether the petitioner's challenge was well taken, we cannot find a likelihood the same enactment will recur. Each revision is based on then current population, environmental and property data; state requirements for matters to be included in the housing element have become more stringent since the original complaint was filed. Any decision reached on the consistency of the earlier plan and housing element would be of no use to petitioner if that legislation is no longer in existence.

court proceeded to examine, invalidate and sever the section of the superseding amendment dealing with presumptions. "The question regarding the effect of the amendment is purely one of law [citation]; moreover, the question arises in a facial attack on appeal from an order denying an injunction, and therefore is properly resolved by this court at this time." (*Id.*, at p. 694.)

In *Sierra Club* v. *Board of Supervisors* (1981) 126 Cal.App.3d 698 [179 Cal.Rptr. 261], the board approved a zone change from agricultural to residential pursuant to the county general plan, an action upheld by the trial court. Pending appeal, the board adopted a general plan for the particular urban area and respondent moved to dismiss the appeal as moot. The motion was denied and the "court ordered letter briefs on the following issue: Whether or not the alleged internal inconsistencies of the . . . County General Plan have been remedied by *recent* actions of the . . . County Board of Supervisors, and whether or not such actions render moot the issues raised by appellant Sierra Club." (*Id.*, at p. 702, italics added.) The court took judicial notice of the urban plan adopted after judgment and concluded the matter was moot as it pertained to the zoning ordinance. The precedence clause to which the appellants objected was not contained in the superseding enactment and "the new map of the . . . plan area removed inconsistencies between open space conservation and land use." (*Id.*, at p. 704.)⁴ Thus the court examined the intervening plan to determine if objections made to the earlier plan had been addressed and/or remedied.⁵

The procedural process in the present case is similar to that in *Westminster Mobile Home Park Owners' Assn.* v. *City of Westminster* (1985) 167 Cal.App.3d 610 [213 Cal.Rptr. 640]. The association sought a declaration the city's rent control program was unconstitutional. Prior to judgment "[s]everal of the amendatory or supplementary ordinances were enacted . . . apparently . . . in efforts to remedy problems or deficiencies pointed out by plaintiffs in their pleadings and arguments in the lawsuit." (*Id.*, at p. 616.) On appeal, the reviewing court addressed the issue of mootness,

---

⁴The court adjudicated the issue of the precedence clause's validity despite the fact the issue was moot as to the specific ordinance. The clause was still contained in the general county plan, and although the new local plan then under consideration did *not* contain the objectionable clause, there remained another 500 local jurisdictions who must adopt their own plans. Thus the issue was one of sufficient "broad public interest that is likely to recur." (*Id.*, at p. 708.) To avoid passage of a plan containing the proscribed precedence clause (by one of the remaining local jurisdictions), the court determined it was void pursuant to the Government Code and in reference to guidelines of the office of planning and research.

⁵The city seeks to distinguish *Sierra* because the court requested briefing on the issue and the parties apparently assented. However, the desires of the parties, even by stipulation, are not controlling where an appeal is subject to dismissal. (*People* v. *West Coast Shows, Inc.*, *supra*, 10 Cal.App.3d 462, 468.)

*not* due to the amendments enacted after the complaint was filed and prior to judgment, but because a repealer was adopted *subsequent* to the lower court's judgment. While recognizing the validity of the repealer was not before it, the court agreed to determine the facial constitutionality of the rent control program.

Deciding to resolve this issue rather than remand for a determination on the merits,[6] the court stated, "[A]s the city points out, a number of the questions now presented were not raised . . . [and] could not have been, because neither [a later enacted amendment or the repealer] had been enacted at the time the judgment was rendered in the trial court. And it is the ordinance *as finally amended and supplemented* that must be considered." (*Id.,* at p. 620, italics added.) Clearly the intervening changes after filing and prior to judgment *were* before the court.[7]

Here, on the other hand, the housing element "as finally amended and supplemented" was enacted *before* the trial court's judgment and should have been considered the then effective legislation. We emphasize its validity was not before the court (as it was in *Westminster*) and we do not address the issue here.

We conclude the trial court improperly determined the second cause of action was moot insofar as it addressed the housing element, solely because new legislation had been adopted. Whether the 1984 housing element (*or its replacement*) does in fact "moot out" the claims can only be determined

---

[6]The lower court had incorrectly failed to reach the issue on its merits, basing its decision on exhaustion of administrative remedies.

[7]The city relies on *Jordan* v. *County of Los Angeles* (1968) 267 Cal.App.2d 794 [73 Cal.Rptr. 516], for the proposition dismissal was proper because the originally challenged legislation was completely revised and amended. However, the factual situation in *Jordan* is not analogous. Plaintiff challenged regulation of figure model studios under county ordinance number 8784, which added chapter XV to the general city business license ordinance. Prior to judgment, the county repealed a section of the chapter (ordinance number 8943). The appellate division of the superior court declared chapter XV unconstitutional, and the county attempted to amend another section of chapter XV (ordinance number 9150). The trial court twice reopened the case to receive both 8943 and 9150 in evidence. It decreed 8784 void (pursuant to the appellate court decision) and 8943 and 9150 void because they amended a void law.

Meanwhile the county enacted a separate ordinance, number 9300, requiring merely a license for figure model studios, later amended following judgment to require licenses for all studios. Thus, reasoned the court, whether or not the trial court correctly ruled on the earlier amending ordinances, the case was mooted by 9300 which no longer *regulated* the studios, but merely licensed them. This is *not* our situation. Both the trial court *and* the appellate court considered legislation enacted subsequent to filing the complaint. And of particular importance is the appellate court's notation that respondents had waived their right to challenge the adequacy of the legislation enacted after judgment by failure to file a brief or appear for oral argument. We can only assume that had a challenge been made to the superseding ordinance the court *would* have addressed the issue.

after a full adversarial hearing. The housing element in force at the time of the hearing should be examined with reference to the original or amended claims of invalidity or insufficiency. If those objections have been remedied, the issues will then be moot.

Public policy considerations support our conclusion. Any interested party may bring an action challenging the housing element's conformity with the provisions of the Government Code. (Gov. Code, § 65587.) Given the code's requirements for periodic revision, as well as its provision for voluntary reevaluation "as frequently as appropriate" (Gov. Code, § 65588), continuing change in the housing element is inevitable.

If a complaint challenging the then existing element becomes moot each time a revision or amendment is adopted, wasteful duplication will result. To avoid multiplicity of suits and its concurrent drain on private, governmental and judicial resources, petitioners' most recently amended complaint must be addressed in relation to the housing element in effect at the time of the hearing.[8] Moreover, claims of nonconformity will not then be thwarted solely on the basis of the city's enactment of a new housing element.

In reversing the court's order, we note a hearing on the merits of the action will entail but an extension of the still extant first cause of action.[9] The city's contention its 1984 housing element "substantially complies with the [state guidelines]" (Gov. Code, § 65587) is an issue to be addressed by the court at the hearing on the action.

Let a peremptory writ issue directing respondent court to vacate that section of its order of December 17, 1984, addressed to the second cause of action, and to enter an order denying the city's motion for order determining issues to be without substantial controversy on that cause of action. The alternative writ is discharged.[10]

Trotter, P. J., and McLaughlin, J.,* concurred.

---

[8]We note petitioners' subsequently filed motion to amend their first amended complaint to directly address the 1984 housing element was denied.

[9]The second cause of action, to the extent it addresses the general plan or elements thereof other than the housing element, also remains viable under the court's ruling.

[10]At oral argument, counsel for the city stated the third cause of action had been abandoned. To the extent the petition addresses this cause of action, the request for relief is denied.

*Assigned by the Chairperson of the Judicial Council.