Filed 11/22/21  Elevue v. City of Los Angeles CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| ELEVUE, INC.,<br><br>    Petitioner and Appellant,<br><br>    v.<br><br>CITY OF LOS ANGELES et al.,<br><br>    Respondents. | B302598<br><br>(Los Angeles County<br>Super. Ct. No. BS164627) |

APPEAL from a judgment of the Superior Court of Los Angeles County, James C. Chalfant, Judge.  Dismissed.

Gary S. Mobley, by appointment, for Petitioner and Appellant.

Michael N. Feuer, City Attorney, Terry Kaufmann Macias, Senior Assistant City Attorney and Kenneth T. Fong, Deputy City Attorney, for Respondents.

_____

## INTRODUCTION

Elevue, Inc.'s business is posting temporary advertising signs at construction sites. Los Angeles Municipal Code section 14.4.17 (section 14.4.17) authorizes those signs. The trial court issued a writ of mandate striking down section 14.4.17 as unconstitutional. Elevue appealed.

Because the City of Los Angeles (City) amended section 14.4.17 in its entirety and reinstated the section after the writ was issued, the appeal is dismissed as moot.

## FACTUAL AND PROCEDURAL BACKGROUND

Elevue erects temporary advertising signs at construction sites. The signs are authorized by section 14.4.17. The City gave Elevue a permit and renewal permit to post signs on a property. But the City ultimately revoked Elevue's renewal permit because Elevue did not have a letter of consent from the Director of the Office of Community Beautification (Director), which was required under section 14.4.17, subdivision (C)(iii), at the time.

Elevue petitioned for a writ of mandate to reinstate the renewal permit. Elevue argued subdivision (C)(iii) was unconstitutional because it did not have objective standards to govern the Director's consent.

After a hearing on May 30, 2019, the trial court granted Elevue's petition. The court found requiring the Director's consent without objective standards was an unconstitutional prior restraint of speech under the First and Fourteenth Amendments of the United States Constitution and ordered the City to reinstate Elevue's renewal permit for the sign. But rather than sever subdivision (C)(iii) from section 14.4.17, the court struck down the section. The order provided in relevant part:

2

The Petition is granted. [Section 14.4.17] is unconstitutional as it permits the Director to withhold consent to permit renew [sic] without standards governing his discretion. There also is no evidence that the Director withheld consent for legitimate reasons. The revocation must be set aside and the Renewal Permit reinstated for the balance of the 12-month term. If the City promulgates a new ordinance with appropriate standards for the Director's consent, it may always apply those standards to a new permit revocation.

Elevue appealed. According to Elevue, the trial court's order striking down all of section 14.4.17 effectively banned temporary advertising construction signs and put Elevue out of business. In its opening brief, Elevue asked this court to either reverse the trial court's order and order the trial court to sever subdivision (C)(iii) from section 14.4.17 or allow Elevue to dismiss its petition in the trial court with prejudice. In essence, Elevue wanted section 14.4.17 reinstated one way or another. To that end, Elevue argued the trial court erred by striking the whole section as opposed to just the language it found unconstitutional. Elevue acknowledged, "[I]f the City believes that the Director's consent to the renewal of a temporary construction sign permit is necessary, the city council can simply amend [section] 14.4.17(C) to reinstate the Director's discretion to consent to renewal permits provided that the City adopts fixed, objective standards to avoid the potential of abuse of discretion, as illustrated by this case."

In its respondent's brief, the City argued the trial court properly invalidated the section because if the court had severed only the unconstitutional portion, the section would no longer represent the city council's intent in creating the section.

On August 23, 2021, the City amended and reinstated section 14.4.17. The amended section fixed the constitutional flaw. Specifically, the amended section includes objective standards for the Director's consent to a permit or renewal permit in subdivision (G)(1).

At our request, both parties filed letter briefs on whether the amended section 14.4.17 moots this appeal.

## DISCUSSION

The parties agree the amended section 14.4.17 moots the appeal. But Elevue argues the appeal should still be decided on its merits because it concerns an issue of public interest that is likely to recur.

We agree the appeal is moot. We decline to use our discretion to decide the appeal on its merits because the appeal does not fall under the public interest exception.

A.    *Relevant Law*

Generally, when an appeal is moot, we dismiss it: "'When events render a case moot, the court, whether trial or appellate, should generally dismiss it.'" (*Parkford Owners for a Better Community v. County of Placer* (2020) 54 Cal.App.5th 714, 722.) And an amendment of a law challenged on appeal may moot the appeal: "'Repeal or modification of a statute under attack, or subsequent legislation, may render moot the issues in a pending appeal.'" (*Jordan v. Los Angeles County* (1968) 267 Cal.App.2d 794, 799 (*Jordan*).) Our "duty [is] to decide ""actual controversies

4

by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it.""'" (*Sturgell v. Department of Fish & Wildlife* (2019) 43 Cal.App.5th 35, 43 (*Sturgell*).) "'The pivotal question in determining if a case is moot is therefore whether the court can grant the plaintiff any effectual relief.'" (*Costa Serena Owners Coalition v. Costa Serena Architectural Com.* (2009) 175 Cal.App.4th 1175, 1206 (*Costa Serena*).)

However, there are three discretionary exceptions to the dismissal of an appeal for mootness. The first exception is "when the case presents an issue of broad public interest that is likely to recur." (*Cucamongans United for Reasonable Expansion v. City of Rancho Cucamonga* (2000) 82 Cal.App.4th 473, 479.) The second exception is "when there may be a recurrence of the controversy between the parties." (*Ibid.*) The third exception is "when a material question remains for the court's determination." (*Id.* at p. 480.)

Specifically, with the first exception for public interest, "'the common thread running through the cases is that [deciding an otherwise moot appeal] is appropriate only if a ruling on the merits will affect future proceedings between the parties or will have some precedential consequence in future litigation generally.'" (*Sturgell, supra,* 43 Cal.App.5th at p. 47.) An appeal does not support the public interest exception "where the issues presented are essentially factual, requiring resolution on a case-by-case basis, and are unlikely to recur." (*Ibid.*)

B.    *The Appeal Is Moot*

When an appeal turns on a code section that was fully amended after the trial court ruled on its constitutionality, the

appeal is moot unless we can grant the appellant effective relief. (See *Jordan, supra,* 267 Cal.App.2d at p. 799 [dismissing appeal as moot because ordinance was amended]); *Costa Serena, supra,* 175 Cal.App.4th at p. 1206 [dismissing as moot, appeal of order denying motion to vacate judgment no longer in effect].)

We agree with the parties that the appeal is moot. Elevue's appeal turns on section 14.4.17. That section was completely amended after the trial court struck it down. We cannot grant Elevue effective relief because as Elevue acknowledged at oral argument, Elevue has already received the relief it sought. On appeal, Elevue sought the reinstatement of section 14.4.17. That section was reinstated when the City amended it.

C. *The Public Interest Exception Does Not Apply*

We have the discretion to decide a moot appeal on its merits "if a ruling on the merits will . . . have some precedential consequence in future litigation generally," but not if the issues "are unlikely to recur." (*Sturgell, supra,* 43 Cal.App.5th at p. 47 [dismissing appeal as moot after explaining public interest exception did not apply].)

In this case, a ruling on the merits is unlikely to have precedential consequences, and the issues are unlikely to recur. Elevue wants us to address whether the trial court was required to sever only the unconstitutional portion, subdivision (C)(iii), of section 14.4.17 or whether the trial court had the discretion to invalidate the section.

However, as Elevue acknowledged at oral argument, the law is settled on that issue. The Supreme Court has held a trial court can only sever an unconstitutional portion of a code section from the rest of the section if three requirements are met: "An invalid part can be severed if, and only if, it is

6

'grammatically, functionally and volitionally separable.' [Citation.] It is 'grammatically' separable if it is 'distinct' and 'separate' and, hence, 'can be removed as a whole without affecting the wording of any' of the measure's 'other provisions.' [Citation.] It is 'functionally' separable if it is not necessary to the measure's operation and purpose. [Citation.] And it is 'volitionally' separable if it was not of critical importance to the measure's enactment." (*Hotel Employees and Restaurant Employees Intern. Union v. Davis* (1999) 21 Cal.4th 585, 613.) The corollary to that holding is the trial court must invalidate the entire code section as unconstitutional if those requirements for severance are not met. (See *ibid.* [explaining "a statute that is invalid as inconsistent with the California Constitution is not ineffective and inoperative to the extent that its invalid parts can be severed from any valid ones"].)

Moreover, whether the trial court properly invalidated all of section 14.4.17 is a case-specific inquiry, not appropriate for the public interest exception. (See *MHC Operating Limited Partnership v. City of San Jose* (2003) 106 Cal.App.4th 204, 215 [dismissing appeal as moot after finding public interest exception did not apply because "given the fact-driven nature of the questions presented, it is unlikely that our resolution of the . . . appeal would 'provide much needed guidance for "the orderly administration of justice"'"].) Specifically, deciding whether an unconstitutional subdivision is grammatically, functionally and volitionally separable from the rest of the section would depend on the section's wording and purpose and the legislative body's intent in enacting the section. That decision here is unlikely to affect any other case since section 14.4.17 was completely amended after the trial court order.

**DISPOSITION**

The appeal is dismissed.


IBARRA, J.*


We concur:


PERLUSS, P. J.


SEGAL, J.

---

\* Judge of the Santa Clara County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.