Filed 12/16/25  Firefighters4Freedom Foundation v. City of L.A. CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| FIREFIGHTERS4FREEDOM FOUNDATION, <br><br> Plaintiff and Appellant, <br><br> v. <br><br> CITY OF LOS ANGELES, <br><br> Defendant and Respondent. | B344988 <br><br> (Los Angeles County Super. Ct. No. 21STCV34490) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Tiana J. Murillo and Michelle C. Kim, Judges.  Affirmed.

JW Howard/Attorneys, John W. Howard and Scott J. Street for Plaintiff and Appellant.

Hydee Feldstein Soto, City Attorney, Denice C. Mills, Chief Deputy City Attorney, Kathleen A. Kenealy, Chief Assistant City Attorney, Shaun Dabby Jacobs, Supervising Assistant City

Attorney, and Merete Rietveld, Deputy City Attorney for Defendant and Respondent.

———————————————

## INTRODUCTION

In 2021 Firefighters4Freedom Foundation, a nonprofit corporation representing 529 firefighters, sued the City of Los Angeles over the City's COVID-19 vaccine mandate for City employees. Firefighters4Freedom sought declaratory and injunctive relief based on allegations the vaccine mandate exceeded the City's authority under its police powers, violated the firefighters' right to privacy under the California Constitution, and violated the firefighters' due process rights. Firefighters4Freedom appealed from the judgment of dismissal after the trial court sustained the City's demurrer to the complaint without leave to amend. We reversed, holding the trial court erred in taking judicial notice of the truth of statements in documents the City asked the court to judicially notice.

Following remand, the Los Angeles City Council rescinded the vaccine mandate, and the trial court granted the City's motion for judgment on the pleadings on the ground the lawsuit was moot. Firefighters4Freedom again appeals from the judgment. Firefighters4Freedom argues its action is not moot because the City never declared the vaccine mandate unlawful or unconstitutional, the court can still provide meaningful relief, the controversy is likely to recur, and the action raised issues of public interest that are likely to recur. Because none of those arguments has merit, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

A. *Firefighters4Freedom Files This Action To Prevent the City from Enforcing Its COVID-19 Vaccine Mandate*

The City Council passed Ordinance No. 187134, effective August 25, 2021, requiring all City employees to be fully vaccinated against COVID-19 no later than October 19, 2021 (the vaccine mandate). (L.A. Admin. Code, § 4.701, subd. (a).) The vaccine mandate provided City employees who did not show proof of compliance (or who did not comply with the vaccine mandate after denial of a request for an exemption) were "subject to corrective action."

In passing the vaccine mandate the City Council stated the measure was "required for the immediate protection of the public peace, health, and safety for the following reasons: According to the Center[s] for Disease Control, and the Los Angeles County Department of Public Health, COVID-19 continues to pose a significant public health risk, especially as cases surge with the highly infectious spread of the Delta variant. Vaccination is the most effective way to prevent transmission and limit COVID-19 hospitalizations and deaths. The City must provide a safe and healthy workplace, consistent with COVID-19 public health guidance and legal requirements, to protect its employees, contractors and the public as it reopens services and more employees return to the workplace. Unvaccinated employees are at a greater risk of contracting and spreading COVID-19 within the workplace, and risk transmission to the public that depends on City services." (L.A. Ord. No. 187134, § 2.)

Firefighters4Freedom filed this action alleging in its operative second amended complaint causes of action for

3

declaratory and injunctive relief.  After the City rehired "many of the unvaccinated firefighters," Firefighters4Freedom dismissed a third cause of action for declaratory relief based on the claim the vaccine mandate violated City firefighters' due process rights.  On its remaining causes of action Firefighters4Freedom sought declarations that the City did not have authority to adopt the vaccine mandate and that the vaccine mandate violated the California Constitution's right to privacy.  Firefighters4Freedom also sought to enjoin the City from enforcing the vaccine mandate.

      B.    *The City Rescinds the Vaccine Mandate*

The City demurred to the complaint and argued the vaccine mandate was a valid exercise of the City's police powers because the mandate was "reasonable given the overwhelming evidence that vaccination remains the single most effective strategy for preventing severe disease, hospitalization and death from COVID-19."  The City argued the vaccine mandate did not violate the firefighters' right to privacy because "the overwhelming evidence of the efficacy and safety of the available COVID-19 vaccines establishes that the vaccine mandate is rationally related to the City's legitimate interests."  The City's arguments relied on the truth of assertions in documents the City submitted in a request for judicial notice, which the trial court granted in sustaining the City's demurrer.  We reversed the judgment for the City because the trial court erred in granting the request for judicial notice.  (*Firefighters4Freedom v. City of Los Angeles* (June 21, 2023, B320569) [nonpub. opn.].)  The remittitur issued on August 31, 2023.

4

In May 2024 the Los Angeles City Council voted to amend the Los Angeles Administrative Code to end the vaccine mandate effective June 2, 2024.  (L.A. Ord. No. 188279, § 2; L.A. Admin. Code, § 4.701, subd. (e).)  The amendment also made City employees who resigned or whose employment was terminated for failing to comply with the mandate eligible to be rehired.  (L.A. Admin. Code, § 4.706.)  The amendments did not state why the City Council rescinded the vaccine mandate.

The City filed a motion for judgment on the pleadings on the ground Firefighters4Freedom's action was moot because the City was no longer enforcing the vaccine mandate.  Firefighters4Freedom opposed the motion, arguing the City never disavowed the vaccine mandate and could issue a similar mandate in the future.  Firefighters4Freedom also argued the court could still provide meaningful relief by declaring the mandate "void *ab initio*" to invalidate any discipline imposed on City employees who failed to comply with the mandate before it expired.  In particular, Firefighters4Freedom contended affected employees would be entitled to reinstatement and "backpay or other damages" if the court declared the mandate void.

C.     *The Trial Court Grants the City's Motion for Judgment on the Pleadings*

The trial court granted the City's motion.  The court ruled that "there is no longer a present actual controversy related to the expired [vaccine mandate] for a court to adjudge any rights and duties" and that "the contention that the City maintains its position that the expired vaccine policy was constitutional has no bearing on whether there is a current actual controversy."  The court also rejected Firefighters4Freedom's contention the court

5

could still grant effective relief, observing the operative complaint did not seek monetary compensation or reemployment for firefighters terminated for noncompliance with the mandate. Finally, the court ruled that, because there was no reasonable expectation the City would enact a future similar policy in response to another global pandemic, the controversy was not likely to recur. The court entered judgment for the City, and Firefighters4Freedom timely appealed.

## DISCUSSION

A.    *Applicable Law and Standard of Review*

"'A judgment on the pleadings in favor of the defendant is appropriate when the complaint fails to allege facts sufficient to state a cause of action. [Citation.] A motion for judgment on the pleadings is equivalent to a demurrer and is governed by the same de novo standard of review.' [Citation.] 'All properly pleaded, material facts are deemed true, but not contentions, deductions, or conclusions of fact or law . . . .' [Citation.] Courts may consider judicially noticeable matters in the motion as well." (*People ex rel. Harris v. Pac Anchor Transportation, Inc.* (2014) 59 Cal.4th 772, 777; see Code Civ. Proc., § 438, subd. (c)(3)(B)(ii); *City of Rancho Palos Verdes v. State of California* (2025) 114 Cal.App.5th 13, 23.) "Issues of justiciability, such as mootness, are generally reviewed de novo." (*Robinson v. U-Haul Co. of California* (2016) 4 Cal.App.5th 304, 319; *Panoche Energy Center, LLC v. Pacific Gas & Electric Co.* (2016) 1 Cal.App.5th 68, 99.)

"It is well settled that appellate courts will decide only actual controversies. We will not opine on moot questions or abstract propositions, nor declare principles of law that cannot

6

affect the matter at issue on appeal.  [Citation.]  'A case becomes moot when a court ruling can have no practical impact or cannot provide the parties with effective relief.'" (*Shaw v. Los Angeles Unified School Dist.* (2023) 95 Cal.App.5th 740, 772 (*Shaw*); *Panoche Energy Center, LLC v. Pacific Gas & Electric Co.*, *supra*, 1 Cal.App.5th at pp. 95-96.)  "'The pivotal question in determining if a case is moot is . . . whether the court can grant the plaintiff any effectual relief.  [Citations.]  If events have made such relief impracticable, the controversy has become "overripe" and is therefore moot.'  [Citation.]  An appeal is not moot, however, where 'a material question remains for the court's consideration,' so long as the appellate decision can grant a party to the appeal effectual relief." (*Panoche*, at p. 96; see *Shaw*, at p. 772.)

"As a general rule, '[t]he voluntary cessation of allegedly wrongful conduct destroys the justiciability of a controversy and renders an action moot unless there is a reasonable expectation the allegedly wrongful conduct will be repeated.'" (*RGC Gaslamp, LLC v. Ehmcke Sheet Metal Co., Inc.* (2020) 56 Cal.App.5th 413, 434; see *In re Oliveras* (2024) 103 Cal.App.5th 771, 776.)  Similarly, "an intervening change in the law—namely, the repeal or modification of a statute under attack or subsequent legislation correcting a challenged deficiency—that is the crux of a case may result in mootness." (*Shaw*, *supra*, 95 Cal.App.5th at p. 773; see *Center for Local Government Accountability v. City of San Diego* (2016) 247 Cal.App.4th 1146, 1157; *Sierra Club v. Board of Supervisors* (1981) 126 Cal.App.3d 698, 704; *Jordan v. County of Los Angeles* (1968) 267 Cal.App.2d 794, 799.)  "'[E]nactment of subsequent legislation,'" however, "'does *not* automatically render a matter

moot.' [Citation.] The key question is still whether a court can grant effective relief in a case." (*Shaw*, at pp. 773-774; see *Vernon v. State of California* (2004) 116 Cal.App.4th 114, 120-121 (*Vernon*).)

"Furthermore, even if an action is moot, pursuant to established exceptions an appellate court may nevertheless exercise discretion to address the merits of an appeal if there may be a recurrence of the controversy between the parties or the case presents an issue of broad public interest that is likely to recur." (*Vernon*, *supra*, 116 Cal.App.4th at p. 121; see *Building a Better Redondo, Inc. v. City of Redondo Beach* (2012) 203 Cal.App.4th 852, 867 (*Building a Better Redondo*).) "This exception has been applied to declaratory relief actions on the basis that the court must do complete justice once jurisdiction has been assumed." (*Building a Better Redondo*, at p. 867.)

### B.     *This Action Is Moot*

1.     *Neither the Trial Court nor This Court Can Provide Firefighters4Freedom Effective Relief*

Firefighters4Freedom sought declarations that the City did not have authority to adopt the vaccine mandate and that the vaccine mandate violated the California Constitution's right to privacy, as well as an injunction restraining the City from enforcing the vaccine mandate. The City Council rescinded the vaccine mandate in June 2024. (L.A. Admin. Code, § 4.701, subd. (e).) Because the mandate is no longer in effect, the issues whether the City had authority to adopt the mandate and whether it violated the right to privacy present "'"only abstract or academic questions."'" (*Vernon*, *supra*, 116 Cal.App.4th at

8

p. 120.) And an injunction preventing the City from enforcing a mandate that no longer exists would be pointless. (See *Colony Cove Properties, LLC v. City of Carson* (2010) 187 Cal.App.4th 1487, 1509 [challenge to a city's moratorium on certain changes to mobilehome park ownership became moot when the moratorium expired]; *Howard Jarvis Taxpayers Assn. v. City of Los Angeles* (2000) 79 Cal.App.4th 242, 249 [claim for injunctive and declaratory relief to prevent collection of a registration fee for certain occupations became moot when the city revoked the fee requirement], disapproved on another ground in *Ardon v. City of Los Angeles* (2011) 52 Cal.4th 241, 250; *Sierra Club v. Board of Supervisors*, *supra*, 126 Cal.App.3d at p. 704 [action seeking injunctive and declaratory relief from a county land use plan became moot when the county adopted a new plan]; *Jordan v. County of Los Angeles*, *supra*, 267 Cal.App.2d at p. 799, fn. 1 [appeal from a decision granting declaratory and injunctive relief from an ordinance regulating figure model studios "should not be entertained solely for the purpose of entering an academic discussion of the legal questions presented" after the county amended the ordinance].) Because the trial court cannot grant Firefighters4Freedom effective relief, the court did not err in granting the City's motion for judgment on the pleadings and entering judgment for the City.

Firefighters4Freedom argues its action is not moot because, to its knowledge, the City "still contends" the vaccine mandate was constitutional and "never acknowledged wrongdoing." As the trial court recognized, however, whether the City acknowledged any wrongdoing is not relevant to whether the case is moot. (See *TransparentGov Novato v. City of Novato* (2019) 34 Cal.App.5th 140, 151 ["When there is no reasonable basis to believe that a

9

past action will be repeated, a viable claim does not exist simply because a public entity declines to concede that the action was illegal . . . ."].) Instead, and as discussed, the test is whether a court can provide effective relief after the City ended the vaccine mandate. (Cf. *Shaw*, *supra*, 95 Cal.App.5th at p. 774 [challenge to expired legislation concerning distance-learning policies was not moot because the court could "fashion injunctive relief to address students' continuing learning deficits"]; *City of Cerritos v. State of California* (2015) 239 Cal.App.4th 1020, 1032 [legislation dissolving challenged redevelopment agencies did not moot an action where the court could "theoretically craft a remedy to provide plaintiffs with at least some relief if certain challenged provisions are deemed unconstitutional"].)

Firefighters4Freedom argues the trial court can still provide relief by requiring the City to rehire affected firefighters who continue to suffer "economic and reputational harm." Firefighters4Freedom relies on *Shaw*, *supra*, 95 Cal.App.5th 740 and *Building a Better Redondo*, *supra*, 203 Cal.App.4th 852, neither of which helps Firefighters4Freedom. In *Shaw* the plaintiffs challenged policies for distance learning adopted during the COVID-19 pandemic, alleging the policies continued to harm them even after the policies expired and students returned to in-person instruction. (*Shaw*, at p. 747.) The plaintiffs sought remedial injunctive relief, including additional instruction time and assessments to determine learning loss, to address alleged ongoing harm caused by the policies. (*Id.* at p. 750.) The court in *Shaw* held the action was not moot because a court could provide injunctive relief to address that harm. (*Id.* at p. 774.) Firefighters4Freedom did not request any injunctive or other relief to redress past or ongoing harms. Instead, it sought only

10

injunctive relief to prevent the City from enforcing the vaccine mandate. Because the vaccine mandate is no longer in effect, there is nothing for a court to enjoin the City from enforcing.

Firefighters4Freedom cites *Building a Better Redondo*, *supra*, 203 Cal.App.4th 852 for the rule that an action seeking declaratory relief is not moot where a court can provide "complete justice" (*id.* at p. 867) and contends it has not received such justice because the City has not acknowledged any wrongdoing and the affected firefighters have not received any compensation. *Building a Better Redondo* relied on *Eye Dog Foundation v. State Board of Guide Dogs for the Blind* (1967) 67 Cal.2d 536 (*Eye Dog Foundation*), which held an action for declaratory relief was not moot where the declaration the plaintiff sought affected its future legal rights. (*Eye Dog Foundation*, at p. 541; see *ibid.* ["the court must do complete justice once jurisdiction has been assumed [citation], and the relief thus granted may encompass future and contingent legal rights"].) In *Eye Dog Foundation* the plaintiff challenged legislation requiring a person who provided guide dogs for the blind to be licensed before funds could be solicited to pay that person. (See *id.* at p. 540.) The defendant argued the appeal became moot when it agreed not to apply that provision to the plaintiff. The Supreme Court held the appeal was not moot because the plaintiff could easily be "relegated to the very situation which precipitated the present litigation" and because the court could "do complete justice" by issuing a declaration that encompassed the "future and contingent legal rights" of the plaintiff. (*Id.* at pp. 541-542.)

After citing *Eye Dog Foundation*, *supra*, 67 Cal.2d 536 the court in *Building a Better Redondo* dismissed as moot an appeal from an order requiring a city to hold an election pursuant to the

11

city's charter after the city held that election because, unlike the circumstances in *Eye Dog Foundation*, there was nothing else for a court to do to provide complete justice. (*Building a Better Redondo, supra*, 203 Cal.App.4th at p. 867; see *ibid.* [the "reversal sought by appellants would be an exercise in futility because the election [the plaintiffs] sought has already taken place"].) Similarly, there is nothing a court can do to provide relief to Firefighters4Freedom because the vaccine mandate has been rescinded. A declaration that the vaccine mandate violated the rights of the firefighters would not affect any future or contingent rights. (See *Eye Dog Foundation*, at p. 541.)[1]

> 2. *The Alleged Wrongful Conduct Is Unlikely To Recur*

Firefighters4Freedom also argues the City's action declaring the mandate expired is not sufficiently "definitive" to moot the case. Firefighters4Freedom relies on *Vernon, supra*, 116 Cal.App.4th 114 and *Speech First, Inc. v. Schlissel* (6th Cir. 2019) 939 F.3d 756, which again do not support Firefighters4Freedom's position. The court in *Vernon* held an

---

[1] Firefighters4Freedom argues for the first time in its reply brief "the City is still going after firefighters who objected" to the vaccine mandate. Firefighters4Freedom forfeited this argument by failing to make it in its opening brief and in the trial court. (See *Malmquist v. City of Folsom* (2024) 101 Cal.App.5th 1186, 1205 [arguments raised for the first time in a reply brief are forfeited]; *RGC Gaslamp, LLC v. Ehmcke Sheet Metal Co., Inc., supra*, 56 Cal.App.5th at p. 434 [argument regarding mootness is forfeited if raised for the first time on appeal].) In any event, Firefighters4Freedom does not cite or present any evidence of such an action.

action was not moot because a state agency issued only an "'experimental variance'" from compliance with a challenged regulation. (*Vernon*, at p. 120.) The court in *Vernon* concluded the appellant would "not need to rely upon additional, speculative variances that may or may not be granted" if the court declared the regulation invalid. (*Id.* at p. 121.) There is nothing similarly provisional or speculative about the ordinance ending the vaccine mandate in 2024.

In *Speech First, Inc. v. Schlissel*, *supra* 939 F.3d 756, a voluntary cessation case, the court held an action for injunctive relief is not necessarily moot when the defendant voluntarily stops doing what the plaintiff sought to enjoin, including enforcing an ordinance or statute. (See *id.* at p. 767.) The court in *Speech First* stated: "Where the government voluntarily ceases [a challenged action] by enacting new legislation or repealing the challenged legislation, that change will presumptively moot the case unless there are clear contraindications that the change is not genuine." (*Speech First*, at p. 768.) The cases cited by the court in *Speech First* confirm that whether a change in the law is "genuine" is essentially another way of asking whether there is a likelihood the issue presented will recur. (See *ibid.* [citing *City of Mesquite v. Aladdin's Castle, Inc.* (1982) 455 U.S. 283, 289, fn. 10; *Jones v. Haynes* (6th Cir. 2018) 736 F. Appx. 585, 589; *Hill v. Snyder* (6th Cir. 2017) 878 F.3d 193, 204; *Bench Billboard Co. v. City of Cincinnati* (6th Cir. 2012) 675 F.3d 974, 982; *Kentucky Right to Life, Inc. v. Terry* (6th Cir. 1997) 108 F.3d 637, 645; *Mosley v. Hairston* (6th Cir. 1990) 920 F.2d 409, 415].) That is also the rule in California. (See *In re Oliveras*, *supra*, 103 Cal.App.5th at p. 776 ["'voluntary cessation of allegedly wrongful conduct

13

destroys the justiciability of a controversy and renders an action moot unless there is a reasonable expectation the allegedly wrongful conduct will be repeated"]; *Center for Local Government Accountability v. City of San Diego*, *supra*, 247 Cal.App.4th 1146, 1157 [same]; see also *Robinson v. U-Haul Co. of California*, *supra*, 4 Cal.App.5th at p. 316 [questioning whether the defendant voluntarily discontinued its allegedly unlawful activity "in good faith"].)

As discussed, the trial court ruled there is no reasonable expectation the City will reimpose the vaccine mandate, and Firefighters4Freedom does not claim or argue the City will. (See *RGC Gaslamp, LLC v. Ehmcke Sheet Metal Co., Inc.*, *supra*, 56 Cal.App.5th at p. 434 [appellant has the burden of establishing a reasonable expectation of recurrence].) Firefighters4Freedom cites *Ghost Golf, Inc. v. Newsom* (2024) 102 Cal.App.5th 88, where the court declined to dismiss an action challenging the Governor's authority under the Emergency Services Act (Gov. Code, § 8550 et seq.) to tighten and loosen restrictions on activities during the COVID-19 pandemic even after the Governor rescinded the action prompting the lawsuit. (See *Ghost Golf*, at p. 101.) The action in that case, however, implicated "the Governor's exercise of authority in other types of emergencies, not just emergencies involving diseases"; the issues presented were not "'essentially factual,'" and the question whether that Act allowed the Governor "to 'make law' in a state of emergency is an evergreen question that could arise in the context of any type of emergency." (*Ibid.*) In contrast, whether the City had authority to issue the vaccine mandate and whether the mandate violated firefighters' right to privacy present "fact-specific issues" (*Building a Better Redondo*, *supra*,

14

203 Cal.App.4th at p. 867) concerning only the vaccine mandate. Those issues include whether the mandate was reasonably related to promoting the public health (see *Sunset Amusement Co. v. Board of Police Commissioners* (1972) 7 Cal.3d 64, 72) and whether the firefighters had a reasonable expectation of privacy (see *Lewis v. Superior Court* (2017) 3 Cal.5th 561, 571). (See generally *Firefighters4Freedom v. City of Los Angeles*, *supra*, B320569 [nonpub. opn.].) Thus, the issues in this case would arise again only if the City issued a similar mandate under similar circumstances, an unlikely and speculative occurrence. As Firefighters4Freedom acknowledges, COVID-19 "was a 'once in a century' pandemic." ~(AOB 17)~ Even if another pandemic occurred sooner, any public health measures adopted to address it are unlikely to include provisions sufficiently similar to the vaccine mandate to raise the same factual questions.[2]

---

[2] For the same reason, even if the case were moot but presented important issues of public interest, it would not be appropriate for the court to exercise its discretion to consider those issues because they are not likely to recur. (See *In re Oliveras*, *supra*, 103 Cal.App.5th at p. 776; *Roger v. County of Riverside* (2020) 44 Cal.App.5th 510, 531.)

15

## DISPOSITION

The judgment is affirmed.  The City is to recover its costs on appeal.

SEGAL, J.

We concur:

MARTINEZ, P. J.

STONE, J.